427 P.2d 156

Lora Jean SOLOMON, Appellant,

v.

David SOLOMON, Appellee.

I CA–CIV 503.

Court of Appeals of Arizona.

May 2, 1967.

Walter Bond Brown, Scottsdale, for appellant.

Wilson & McConnell, by Beverly J. McConnell, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal by wife Lora Jean Solomon, the wife and plaintiff below, from a decision of the trial court awarding the custody of the two minor children of the parties to the husband and defendant, David Solomon. We are called upon to determine whether the wife had sufficient notice of, and adequate time to prepare for, a hearing upon the husband's petition to change custody of the parties' two minor children.

The facts necessary for a decision on this matter are as follows. The wife filed a complaint for divorce in the Maricopa County Superior Court on 31 December 1963. The two children of the parties were listed as Bruce Wayne Solomon, 8 years of age, and Steven Blaine Solomon, 5 years of age, which children were in the care, custody and control of the wife. A decree of divorce was entered 29 January 1964 which approved a property settlement and child custody agreement previously signed by the parties. The provisions of the agreement so far as the children were concerned provided that the younger child would be awarded to the wife, the defendant to pay $25.00 per month as and for his support, and that the older child be awarded to the husband.

Although awarded custody of the older child the husband allowed the child to remain with the wife, and the husband returned to New York City to reside with his parents. The husband wrote a seven page letter to the Superior Court in March of 1964 complaining of the wife's conduct and asking that the court "help me in seeing that justice is done since I am now living in New York City."

There was an attempted reconciliation in the fall of 1964 when the wife took the two children and joined her husband in New York City. This reconciliation failed and in February of 1965 the wife returned to Arizona with the two children. Before the wife returned to Arizona the parties signed an agreement providing for custody of the older child as follows:

"1. That Lora Jean Solomon shall have the care, custody and control of Bruce Wayne Solomon and will pay the full support for the maintenance of the said minor child."

The agreement also provided that the wife:

" * * * Shall have the right to apply to the Superior Court of the State of Arizona, Maricopa County, for amendment of the decree of divorce granted her as above mentioned to affect the change made by this agreement in said Decree of Divorce."

In March of 1965 the husband caused to be filed a document titled "REVOCATION OF AGREEMENT" asserting that the husband signed the agreement under duress, that he "received no consideration" for the execution of the agreement, and that " * * it is in my opinion for the best interest of the child that he no longer remain in her custody." The husband referred to the older child only.

In March of 1966 the wife filed her "Petition to Modify Decree and for Order to Show Cause" asking for the care, custody and control of the older child, Bruce Wayne, in addition to the younger child previously awarded to her. On 12 May 1966 the husband filed a petition for modification of the divorce decree in which he asked for the care, custody and control of both of the children, Bruce Wayne Solomon and Steven Blaine Solomon, asked for an accounting as to all community property, and asked that the wife be "ostracized completely from visitation rights of said minor children". In the husband's "Affidavit on Order to Show Cause", filed with the petition for modification, he pointed out that he had been paying $25.00 per month for the younger child pursuant to the decree and no sums for the older child. He estimated his income at $6,000.00 per year gross. In answer to the question "What is a reasonable, necessary amount for support and within your ability to pay for your minor children?" he answered, "$25.00 for the child per month, when with her only." The court signed the following order on 12 May:

"The defendant, David Solomon, having filed herein a petition for modification of decree in the above action, and it appearing to the court that there is already pending before this court a petition for modification filed by the plaintiff Lora Jean Solomon, which is scheduled for hearing on May 13, at 2:30 p. m.;

"IT IS THEREFORE ORDERED setting a hearing on petition by defendant for modification of divorce decree for hearing simultaneously with the petition of plaintiff herein on the 13th day of May, 1966, at the hour of 2:30 p. m. or as soon thereafter as counsel can be heard.

Dated this 12th day of May, 1966." .

After the hearing at which both parties testified, the court stated it would and did talk with the two minor children in chambers and out of the presence of counsel. The court also caused the matter to be investigated by the court investigator. Neither party objected to the conference with the children in chambers or the investigation.

On 26 May 1966 the court ordered that the two minor children be awarded to the father and removed from the State of Arizona to their father's home in New York City, and the wife prosecutes this appeal. The wife filed the appellant's opening brief and the husband-appellee did not file an answering brief. Generally, where there are debatable issues and the appellee fails to file an answering brief, such failure is a confession of reversible error on the part of the appellee. Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963); United Bonding Insurance Co. v. Grosso Investment Co., 4 Ariz.App. 485, 419 P.2d 546 (1966). We do not, however, feel this is mandatory in a case of this kind involving the custody of minor children. Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966).

WAS THERE A PROPER NOTICE GIVEN TO THE WIFE IN TIME TO PREPARE FOR A HEARING UPON THE HUSBAND'S PETITION

The facts are uncontroverted that the wife's petition was filed on 11 March 1966 and served in New York City 25 March 1966. The petition of the wife, in addition

to other matters, asked for the custody of the older child who had been with her since the divorce and asked that the father be required to pay a reasonable amount as and for support of the older child along with the younger child. Hearing on the wife's petition was first set for 8 April 1966 and then for 22 April 1966. At the 22 April hearing the husband was represented by counsel and the minute entry order reads as follows:

"Over the objection of defendant's counsel,

"IT IS ORDERED that the minor children of the parties shall remain in status quo, and the court, on its own, will increase the amount paid for the care and custody of the two minor children of the parties from $25.00 per month to the sum of $75.00 per month, and the defendant, David Solomon, will have until the 13th day of May, 1966 at 2:30 p. m. to be prepared to proceed on the merits."

The husband did not file his petition for change of custody until 12 May, the day before the hearing, and the court ordered the husband's petition heard at the same time as the wife's petition. The husband asked for custody of not only the older child previously awarded to him, which custody he had never exercised, but also of the younger child. Although there is some indication from statements made by the husband's attorney during argument on the wife's motion for new trial that the wife's attorney knew a petition for modification was going to be filed by the husband, we find nothing which would indicate that the wife or her counsel knew of the contents of the petition actually filed until the day before the hearing. The wife contends that under the circumstances in this case there was insufficient notice to her in order to properly prepare and defend against the petition of the husband.

■ Under our statutes the court retains jurisdiction to "amend, revise and alter" the portions of the decree of divorce relating to the "care, custody or maintenance of the children of the parties." 25–321 A.R.S. Woodford v. Superior Court, 82 Ariz. 181, 309 P.2d 973 (1957). This is usually done by a petition to the court for modification of the divorce decree, as is the case herein, which supports an accompanying "Order to Show Cause". The order of the court of 12 May 1966 setting the date on the hearing satisfied this procedure and, we feel, brought the matter within Rule 6(d) of the Rules of Civil Procedure, 16 A.R.S. which reads as follows:

"A judge of the superior court, upon application supported by affidavit showing cause therefor, may issue an order requiring a party to show cause why the party applying for the order should not have the relief therein specified, and may make the order returnable at such time as he designates."

It is therefore clear that the trial court had the authority to set the matter for hearing at his discretion. The question before this Court is whether under the circumstances of this particular case he abused that discretion. We believe he did.

■ In the instant case the wife had retained actual custody of both children since the divorce even though the husband had been awarded custody of the older boy. She asked for increased support payments for the younger boy and support and custody of the older boy. She had signed an agreement with the husband in which he agreed she was to have custody, although the law is clear that the parties cannot bind the court by their agreements respecting custody. Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952); Bailey v. Bailey, 3 Ariz. App. 138, 412 P.2d 480 (1966). Here the wife had no reason to believe that the husband would appear to petition for custody of both children. She had no time to prepare a proper defense to the petition of the husband. That the parties should have time to prepare and present all relevant evidence to the court is particularly important in the instant case since the persons most concerned with the outcome of the action are the two minor children.

■ We feel that in the present situation where custody of the children is at stake and where the interest of both the parents and the children in the determination of custody is a very urgent matter for all the parties concerned, one day's notice of a hearing on the defendant's petition to gain custody of the children is not sufficient. Therefore, we hold that under the facts in this case the plaintiff was not given sufficient time and notice in which to prepare a rebuttal to the demands of the husband.

■ Although based on a different fact situation we agree with the New Mexico court which stated:

"We do not wish to be understood as holding that in the event of an emergency, the court cannot make such orders for temporary care and custody as seem to be indicated, but we do hold that before any parent or other person having legal custody is deprived of the same, or any change made therein, the usual and ordinary procedures must be adhered to. Neither do we wish to be understood as holding that the court is limited in its decision to the conclusions requested by the parties. The principal guide to decision remains as always the welfare and best interests of the children. Smith v. South, 59 N.M. 312, 283 P.2d 1073; Edington v. Edington, supra. However, this shall be determined after a proper and orderly hearing of the issue of custody with all interested parties having a right and opportunity to be present and produce evidence." Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838 (1959).

Since the matter will have to be remanded to the trial court for a new hearing, we do not consider at this time other questions raised by appellant in her appeal. This is particularly so since the appellee has not filed an answering brief which under our adversary system would put the issues raised by the wife more in focus before our consideration.

The matter is reversed and remanded to the Superior Court for new trial.

DONOFRIO and STEVENS, JJ., concur.