PEARSON, Chief Judge.
The appellant is the mother of Dawn Elaine Brown. She was divorced from the child’s father in 1961. That judgment gave custody of the minor child to the appellant. This appeal is from a judgment of the Juvenile and Domestic Relations Court in and for Dade County, Florida which judgment changed custody from the mother to the father. The father presumably weary by the protracted litigation has not filed a brief in this appeal.
The judgment appealed was entered May 8, 1967. Thereafter and within the time prescribed for the filing of a transcript of the testimony, the trial court, upon motion and stipulation of the parties, entered an order reciting that the time for the filing of the transcript of testimony was extended “until the issues regarding the payment of transcript of testimony be finally resolved.” As a consequence of that order, all other actions necessary for the perfection of this appeal were postponed until the transcript of testimony was filed. A copy of this order and subsequent orders relative to the filing of the transcript of testimony were filed in this court as an exhibit to appellant’s motion to require the father to pay for the transcript of testimony. While we did not at that time approve the indefinite extension of time as is contemplated by FAR 3.8(a), 32 F.S.A., we conceive now that our failure to act could have been construed by the appellant as an approval of the procedure. Appellant exhausted her state remedies in an attempt to require the appellee to pay for the transcript of testimony. A subsequent order entered by the Juvenile and Domestic Relations Court extended the time for the filing of the transcript of testimony until the final disposition of proceedings begun by the appellant in the United States District Court for the Southern District of Florida. Presumably these proceedings were for the purpose of an appeal to the federal courts from the rulings of the state court upon issue of appellant’s right to a free transcript of testimony. While we were not advised of the date of the termination of litigation in the Courts of the United States, it was not until December 4, 1970, that the record was received in this court.
*168 The record as provided does not contain a transcript of testimony taken before the trial court and indeed it is apparent from the original record which was submitted that the transcript of testimony was not required for reversal of the trial court.
The final judgment appealed recites as follows:
“The Court heard all of the testimony. * * * In addition, the Court had the benefit of 1) a report from the Social Worker, who interviewed both parents and their respective spouses, 2) a report from the Probation Officers, who visited in the homes of both parents and conducted a thorough and continuous investigation, and 3) a discussion with the minor child, DAWN ELAINE BROWN, out of the presence of both parents.”
Appellant’s point upon appeal is that a judgment must be reversed when it is based in part upon testimony available to the court but not to the parties and never filed in evidence in the cause. That appears to be the condition of this record. The rule relative to the investigative reports on custody proceedings was announced in McGuire v. McGuire, Fla.App. 1962, 140 So.2d 354. It is as follows:
“It seems to the Court that when a written report is considered by the Court in connection with any ruling or judgment, it should be filed in evidence the same as any other writing the Court may consider. It is error for the Court to consider any writing or anything else that is not in evidence.”
‡ % ‡ ‡ *
“The record reflects that the chancellor was most diligent in seeking to be fully informed when he should make the vital decision involving the home in which the boy should live, but unfortunately his zeal carried him without the realm of evidence. It was not the duty of counsel for appellant to attend to getting the report into evidence but counsel for the appellee having sought to have it considered by the Court, thereby assumed the duty of having it properly before the Court.”
* * * * * *
The rule has been applied to proceedings in Juvenile and Domestic Relations Courts in two Florida cases: Mitchell v. State, Fla.App.1962, 142 So.2d 740; In Re A. W., Fla.App.1970, 230 So.2d 200. Therefore, we do now what could have been done much more promptly and reverse the order of the Juvenile and Domestic Relations Court, dated May 8, 1967.
We are conscious of the fact that the lapse of time makes it essential that the reversal must be for further proceedings in the trial court. Custody orders are, under ordinary conditions, temporary in nature and subject to change in the trial court upon proper petition and a showing of changed conditions. Montgomery v. Montgomery, Fla.App.1959, 110 So.2d 39. In the present instance, it would be normal to return the cause to the trial court for the purpose of considering the cause without the use of prohibited evidence or to provide for the proper protection of the rights of the parties upon the introduction of the reports into evidence. We feel we must go a step further at this time and expressly direct that upon reconsidering, the trial court shall consider the cause after the taking of any additional testimony and evidence offered by the parties and procured by its own investigative officers. The subject child who was nine years of age at the time of the entry of the appeal is now twelve years old. The changed conditions together with the way in which the custody of the child has been maintained in the interval should be considered by the trial court in the determination of the father’s petition for custody.
Reversed and remanded for further proceedings.