Claudia **SORRELS**, a child under 18 years of age, Appellant,

v.

Honorable Charles E. **STEELE**, Associate District Judge, Juvenile Division, District Court of Okmulgee County, Oklahoma, Appellee.

No. A–17652.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1973.

Duane A. Woodliff, Henryetta, for appellant.

O. E. "Pete" Richeson, Asst. Dist. Atty., Henryetta, for appellee.

## OPINION AND ORDER

BLISS, Presiding Judge:

This is an appeal from an order adjudicating petitioner, then 14 and indigent, a juvenile delinquent, placing her in the custody of the State Department of Institutions, Social and Rehabilitative Services in Girls Town at Tecumseh, Oklahoma. Said order was entered June 28, 1972, by respondent in Case No. J–72–49.

An appeal from said order was timely lodged in the Supreme Court of Oklahoma July 27, 1972, under 10 O.S.1971, § 1123 and that Court by order dated August 16, 1972, transferred said cause to this Court for disposition.

This Court, after reviewing the petition in error and original record herein, issued an Order to Show Cause and Directing Response dated October 25, 1972, and directed to respondent. A response was filed November 10, 1972, by respondent and thereafter this Court granted petitioner's application for oral argument setting the matter for January 30, 1973.

On that date, petitioner, hereinafter referred to as appellant, appeared by court appointed counsel, Duane Woodliff, and the State was represented by Assistant Attorney General Mike Jackson. The respondent did not appear personally or by counsel. He made no request that the State represent him and informed Referee C. Michael Zacharias by telephone that he wished to stand on his response. Counsel for appellant at that point made no formal presentation but elected to stand on his brief and petition.

■ Initially, appellant contends the trial court erred in sustaining the allegations of the petition for the reason that the evidence was inconsistent and completely insufficient. We agree.

The petition alleges appellant is delinquent by reason of the following facts:

"By staying out all night with Roger Upton and Gary George ages 19 years, and going to Lawton, Oklahoma, with the said Roger Upton and Gary George without the consent of the parents of said child and that said child did have unlawful sexual intercourse with said defendants, Roger Upton and Gary

George; and on a previous occasion at the age of 11 years was out all night drinking alcoholic beverages with Roger Upton (11/29/69)."

We note the petition does not specify or allege a date upon which the complained of conduct is supposed to have occurred. Further under the provisions of 10 O.S. 1971, § 1101(b)(1) to support a finding of delinquency it is necessary to allege and prove the child has either violated a "federal or state law or municipal ordinance, * * * or any lawful order of the court made under this act; or (2) a child who has habitually violated traffic laws or ordinances."

Allegations of staying out all night without consent and unlawful sexual intercourse as alleged in the petition hardly qualify as specific statutory violations to support a finding of delinquency or give adequate notice of the elements against which to defend.

The transcript of testimony reflects that Roger Upton did not testify. Gary George testified that he did not have intercourse with appellant, his cousin, and that to his own knowledge neither did Roger Upton. The only competent evidence in the record as this Court views it, is the opinion of the doctor that appellant had recently had sexual intercourse by virtue of his examination and detection of sperm.

The record reflects that despite repeated requests by counsel for appellant neither the court nor the district attorney would provide a citation to the specific statute alleged to have been violated. There were vague references to illegal, lewd and lascivious conduct, but no statutory violations specified.

Appellant next urges error in the admission into evidence, over objection, evidence apparently directed at proving some prior course of conduct. The petition alleged, a court official testified and documents were introduced to show appellant was out late at night two and one-half years earlier with Roger Upton drinking beer. Upton plead guilty to contributing to her delin-

quency and no action was taken against the girl.

■ It should be apparent that one isolated incident removed in point of time by some 31 months is far too remote to have any possible bearing on the current conduct of a 14 year old girl, much less to be considered as part of a basis for adjudicating her a delinquent.

Appellant asserts much of the testimony adduced was incompetent hearsay. This is uncontroverted. The transcript is riddled with hearsay, much of it over the objection of counsel. The tenor of the hearing is reflected in the following passage wherein the deputy sheriff who signed the petition was asked to state the nature of the complaint made to him by appellant's mother:

"Q. Would you state the nature of that complaint?

"By Mr. Woodliff: Object to any testimony that he would have in this regard, this is just hearsay and would have no purpose."

"By the Court: He may testify as to what was reported to him and the action that he took, if he desires.

"By Mr. Woodliff: That is right, he can, but there would be no purpose, all it would be would be just hearsay against this Juvenile.

"By the Court: In a Juvenile Hearing we are all interested only in the welfare of the child, and the rules of evidence are somewhat relaxed.

"By Mr. Woodliff: The rules of evidence are set out in the Statutes.

"By the Court: The Court is aware of what the Statute says, the Court is also going to let him answer the question." (Tr. 3)

■ The officer then proceeded to relate to the court the conversation he and appellant's mother had at the time she reported her daughter missing.

The language of 10 O.S.1971, § 1111 is clear and unambiguous:

" * * * The hearings shall be conducted in an informal manner, *according*

*to the rules of evidence,* and may be adjourned from time to time. \* \* \*"
(emphasis added)

For whatever reason, the transcript makes it abundantly clear in several instances that they chose to simply ignore the law.

Appellant next contends the court erred in refusing to comply with 10 O.S. § 1115(b) during the dispositional portion of the hearing. That hearing followed directly the adjudication hearing and the transcript reflects one hearing ended and the other began on the same page. A ten minute recess was allowed for counsel to read the social summary and recommendation.

Section 1115(b) provides:

"Before making an order of disposition, the court shall advise the District Attorney, the parents, guardian, custodian or responsible relative, or their counsel, of the factual contents and the conclusion of reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them."

The record reflects the court not only refused to advise the parents of the contents of the report, he refused to allow the parents to see it and told counsel for appellant they were not entitled to view it.

Counsel for appellant objected and stated the statute allows review and a fair opportunity to controvert such reports and the court stated:

"By the Court: They are not entitled to know anything. Some of that report is from neighbors and from other sources the Court does not desire to be disseminated. You can read it and you can recite from it. I have no control over your telling them what you think is in it, but the Court does object to your giving that to anyone except where you got it, the Court."

■ Once again, the record makes it abundantly clear the court, for no cause shown, good or otherwise, denied the parents of appellant a right clearly set out in the Statutes.

We next observe that while the court noted the "paucity" of the evidence (Tr. 27, lines 4–5) and did not read any of the social summary other than the conclusion (Tr. 34, lines 21–22) he chose to ignore the recommendation that the girl be left in the parent's home on probation and receive counseling. Neither the record, nor the response filed by the court reflects any logical basis for the orders entered.

Appellant next complains that although the court below found her to be sufficiently indigent to appoint counsel for the adjudicatory and dispositional hearings, the court refused to appoint counsel for an appeal at public expense plus a transcript at public expense.

In his response, the court notes he ruled favorably on appellant's motion for a transcript at public expense. We note only that the request for a transcript was made and denied on the same day as the adjudicatory hearing and dispositional hearing, June 28, 1972. The order granting the transcript was not filed until September 21, 1972, by the court's own response, more than two months after appellant's appeal was lodged.

Further, that appeal was lodged by counsel for appellant without his having been appointed by the court. The record makes it clear that the court expected the appointment to terminate at the dispositional hearing and had no intention of granting an appeal from his order.

Counsel for appellant is to be commended for his effort and persistence in pursuing justice in the best tradition of his profession.

■ In view of the foregoing, it is the opinion of this Court that the orders entered below adjudicating appellant a delinquent, making her a ward of the State and placing her at Girls Town were not supported by sufficient or competent evidence and the hearings held were conducted contrary to statute. Those orders and adjudi-

cations are, and the same are hereby reversed, set aside and held for naught.

It is, therefore, the order of this Court that appellant be returned to her family instanter, that the petition herein be, and the same is hereby, dismissed with prejudice and the court below is directed to enter an order within 30 days of the date of this Opinion and Order directing payment of a reasonable attorney's fee at public expense to counsel for appellant for the prosecution of this appeal.

BUSSEY, and BRETT, JJ., concur.