**In the matter of Julie PAUL et al.**

**No. 48119.**

Supreme Court of Oklahoma.

Oct. 5, 1976.

James H. Hiatt, Oklahoma City, for appellant, Mary Paul.

Michael J. Tullius, Asst. Dist. Atty., Oklahoma City, for petitioner and appellee, Patsy K. Boyt.

E. Stephen Briggs, Asst. Public Defender, Oklahoma City, for children.

LAVENDER, Justice.

Four children are involved (Paul children). They had heretofore been determined as dependent and were made wards of the court. That adjudicatory determination was not appealed. Their parents, Mary Jane and Willis Paul, were divorced about August, 1974. A dispositional hearing was had December 18, 1974. At that time, the children's ages were Julie, 14; Roger, 10; Tina, 7; and Christopher, 5. The mother, Mary Jane Paul, was living with another man and hoped to marry him

after the six month prohibition against remarriage ended February 5, 1975. The children were in her custody. Julie and Roger at one time had been in the temporary custody of the Department [1] at the Children's Center, Taft, Oklahoma; but were returned to the custody of their mother. The four children were living with her when the dispositional hearing was held. Trial judge, by his order resulting from that hearing, found it to be in the best interest of the children to be placed in the custody of the Department. It is this dispositional order appealed by the mother here.

Mother argues § 1115 [2] is unconstitutional by allowing admittance and reliance on oral and written reports. This denies the right of cross-examination and possible inclusion of hearsay evidence. She also contends the trial court's finding and order are not supported by the law and the evidence.

10 O.S.1971, §§ 1101 et seq., as amended, Delinquent, Dependent and Neglected Children provide for two different types of hearings and resulting orders: (1) An "adjudicatory hearing" (§§ 1101(f), 1110, 1111, 1114); and (2) a "dispositional hearing" (§§ 1101(g), 1115, 1116). It is the adjudicatory hearing and order which determine if the child and his life is to be interfered with under the act. Once that adjudication has been

---

1. The term "Department" means. the Department of Public Welfare of the State of Oklahoma. 10 O.S.1971, § 1101(d).

2. § 1115. Dispositional hearings—Additional reports or evidence.

"(a) After making an order of adjudication, the court shall hold a dispositional hearing, at which all evidence helpful in determining the proper disposition best serving the interest of the child and the public, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing.

"(b) Before making an order of disposition, the court shall advise the District Attorney, the parents, guardian, custodian or responsible relative, or their counsel, of the factual contents and the conclusion of reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them.

"(c) On its own motion or that of the District Attorney, or of the parent, guardian, custodian, responsible relative or counsel, the court may adjourn the hearing for a reasonable period to receive reports or other evidence and, in such event, shall make an appropriate order for detention of the child, or his release from detention subject to supervision by the court, during the period of the continuance. In scheduling investigations and hearings, the court shall give priority to proceedings in which a child is in detention, or has otherwise been removed from his home, before an order of disposition has been made."

made, and the child and his life is subject to the juvenile system, the court becomes more the friend of the child with the intent to help him. The child is entitled to the safeguards of "due process" and other constitutional guaranties, but these are primarily directed to the adjudicatory hearing and order, with a relaxing of the standards at the dispositional hearing. This allows the reconciliation of the rights of the child with the child's best interest as determined by the judge in the role of the friend of the child with the intent to help him· and the goals of the juvenile system will not have been frustrated. 22 Okl.L.Rev. 71, 80.[3]

The adjudicatory hearing shall be conducted according to the rules of evidence. § 1111. All evidence helpful in determining proper disposition best serving the interest of the child and the public, including oral· and written reports, may be admitted and relied upon at the dispositional hearing. § 1115. Sub-section (b) of that section requires the factual content and conclusions of the reports to be given to named interested parties, or their counsel. If requested, a fair opportunity must be afforded to controvert the reports.

Here, mother's attorney acknowledged he had seen the written reports of August 30, 1974, and December 4, 1974. The social worker who prepared the reports testified and was cross-examined. The admittance

of the reports was objected to, but there was no request by the mother for an opportunity to controvert the reports. She called no witness to refute the contents. She called no individual mentioned in the report, such as a school teacher or principal, to controvert. Other than possibly through her own testimony, she failed to exercise her right to controvert given to her by § 1115(b).

■ We hold § 1115 to be constitutional in allowing oral and written reports to be admitted and relied upon to the extent of the report's probative value at the dispositional hearing. The content of the report, both factual and as to its conclusion, must be revealed. If requested, a fair opportunity must be afforded to controvert it.

■ Mother contends there was not sufficient evidence of neglect. Here in the dispositional phase, the issue was to determine what order of disposition should be made with respect to the children. They had already been adjudged to be wards of the court. The issue at the dispositional hearing becomes the determination of "the proper disposition best serving the interest of the child and the public * * *." § 1115(a).

Mother suggests her present living arrangement with a third party male is not wrong, but a possible stabilizing influence

3. 22 Okl.L.Rev. 71, NOTES AND COMMENTS

"Courts: Due process and the Oklahoma Juvenile Court," Prudence Little, at p. 80, 81 reads in part:

" * * * the Supreme Court of the United States has demanded ˌthat certain procedural safeguards be accorded the child. While it may appear that the safeguards are in conflict with the intent of the whole juvenile system, there may be some reconciliation.

"These safeguards and procedural requirements affect only the adjudicaˌtory hearing, that is the hearing to determine whether the child is within the scope of the system at all. * * *. * * * it is at this point (dispositional hearing) where ˌthe * * * court system takes an active step to direct the life of the child, that the goals of the juvenile

system come into play. ˌAt this point the court becomes ˌthe friend of the child.

"This type of action suggests that at the adjudicatory hearing the judge should remain as impartial as possible * * *. Once the adjudication is made, the court can take on the role of the friend of the child with ˌthe intent to help him and the goals of the juvenile system will not have been frustrated.

"The aim is to find a system that will protect the ̦child's rights not to have his life arbitrarily interfered with while at the same time preserving ˌthe basic interest in the welfare of the child. The judge, state attorneys, welfare workers, and attorneys for children must keep the aim of rehabilitation of the * * * child in mind while implementing the new procedure for juveniles." (Explanation added.)

upon the children. In *Irwin v. Irwin*, Okl., 416 P.2d 853, 857 (1966) this court said:

"In *Shrout v. Shrout*, 224 Or. 521, 356 P.2d 935, * * * the court said, * * *, that any moral transgression of the mother, along with other relevant factors, must be considered in determining what is best for the children in the matter of their custody. We agree with that statement, * * *."

There the statement was not applied for the opinion did not agree with counsel's interpretation of the evidence.

At the dispositional hearing, the mother and social worker, under whose direction the written reports were prepared, testified. The evidence showed appellant's children were not receiving adequate supervision and care and appellant had not taken any positive steps to correct this situation since the adjudicatory hearing. Behavior patterns of these children indicated some emotional problems and insufficient parental supervision. There was a showing of an inability to get along with peers, stealing, truancy, running away from home, and frequent fighting with other children. In spite of the trial court's previous suggestion to appellant that she should obtain professional counseling, she had neglected to do so.

Evidence indicated the appellant was not a truthful person. She was not cooperative and open with the Department social worker, even though the Department was supervising her custody of the children pursuant to court order. It is apparent from the record the trial judge considered not only the nature of this relationship but the fact that appellant tried to conceal that relationship from the court.

■■ The totality of the evidence supports the trial court's determination that the best interests of these children would be served by removing them from appellant's custody. The testimony coupled with the admitted written reports, relied upon by the trial judge to the extent of their probative value, sustains the trial court's

finding the best interest of the children was to place custody with the Department. Permissible disposition orders include commitment to the custody of that entity. Section 1116(a)(3). The trial court's order was not contra to either the law or the evidence.

Affirmed.

All of the Justices concur.