In the Matter of Harold Theodore
SCHATZ, a child under eighteen
(18) years of age.

No. 48534.

Supreme Court of Oklahoma.

Opinion Dec. 20, 1976 withdrawn,
corrected, and reissued as
corrected Jan. 4, 1977.

Rehearing Denied Feb. 9, 1977.

Porter H. Morgan, III, Harry E. Van
Camp, Oklahoma City, for appellant, La-
verne Schatz.

DOOLIN, Justice.

Appeal in this matter is taken from a
hearing under 10 O.S.1971, 1115 & 1116.[1]
The order appealed from was issued by the
District Court of Oklahoma County on May
15, 1975; it fixed temporary custody of the
child, Schatz, in third parties. The adjudi-
cative order declaring child to be a child in
need of supervision, and disposition made
previously, February 28, 1975, fixed the cus-
tody and supervision of the minor in the
appellant (mother).

1. Adjudicatory hearing under 10 O.S.1971, § 1111 had found Harold Schatz to be a child in
need of supervision.

Review of the proceeding reveals the Petition in Error was promptly and properly filed. The designated record was certified seven months after hearing[2] and appellant filed her brief April 15, 1973,[3] (eleven months after the hearing). Because no party to this action has filed an answer or response to the brief of appellant or made challenge under any of the rules cited, we shall ignore such obvious violations because they are not jurisdictional. The certificate of mailing shows a mailing to the social worker whose name appears on the petition to review the probation violations commencing the proceedings. We assume this social worker was an employee of the juvenile court, the State of Oklahoma and therefore the District Attorney's office should have represented the state or social worker at the time of the adjudicative hearing as well as in these proceedings.[4]

We turn to the record as transmitted here by the appellant. It is best characterized as "the little end of nothing whittled down to a point." Included are 29 pages of a transcript so poorly organized and containing such grammatical errors as to be next to useless. The record never quite accomplished what seems to be intended, a demand for due process guaranteed by the Constitutions of the United States and the State of Oklahoma and by 10 O.S.1971 § 1115. This argument however is the basis, to some extent, for appellant's claim of error in her brief.

We agree there must be a meaningful dispositional hearing under Section 1115(a) which provides:

(a) " * * * the court shall hold a dispositional hearing, at which all evidence helpful in determining the proper disposition best serving the interest of the child and the public, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not compe-

tent for the purposes of the adjudicatory hearing."

Section (b) provides:

(b) "Before making an order of disposition, the court shall advise the District Attorney, the parents, guardian custodian or responsible relative, or their counsel, of the factual contents and the conclusion of reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them."

Examination of the record and transcript indicates that none of the procedures guaranteed or provided for in section (a) or (b) were granted to the appellant. See *Sorrels v. Steele,* 506 P.2d 942, 945 (Okl.Cr.1973) where that court noted the necessity of compliance with (b) of section 1115 in regard to a social worker's report. We conclude that the trial court conducted no hearing at all. No witnesses were sworn, no reports as contemplated under Sections (a) and (b) of 1115 were introduced as part of the record or made available to the appellant. Neither was qualification of the social worker required, or cross examination allowed.

We feel constrained to comment on the absence of the State of Oklahoma from the hearing.

It is impossible for the court to act as judge and complainant, such as was done in the present case. The state has inaugurated or presented the original or adjudicative hearing and evidence in support thereof. It cannot thereafter be excused attendance in subsequent dispositional hearings. The state's duty in the broader sense is to see that a meaningful hearing is conducted during all phases of the juvenile proceedings, for it is the state who has commenced the proceeding, and it is the state who must protect the juvenile.

2. See rule 1.26(a), 12 Ch. 15—App. 2.

3. See rule 1.28(a), 12 Ch. 15—App. 2.

4. Art. I of the Dependent & Delinquent Children's Act, 10 O.S.1971 §§ 1101 thru 1145 and

more particularly § 1115(c) anticipates, if not requires the District Attorney to provide representation to the State in proceedings such as are presented in the instant case.

Juvenile matters are of a special nature, *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972):

"The Court has frequently emphasized the importance of the family. The rights to conceive and to raise one's children have been deemed 'essential,' *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042, 1045, 29 A.L.R. 1446 (1923), 'basic civil rights of man,' *Skinner v. Oklahoma,* 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942), and '[r]ights far more precious . . . than property rights,' *May v. Anderson,* 345 U.S. 528, 533, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953). 'It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.' *Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1944). The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, *Meyer v. Nebraska,* supra, 262 U.S. at 399, 43 S.Ct. [625] at 626 [67 L.Ed. at 1045], the Equal Protection Clause of the Fourteenth Amendment, *Skinner v. Oklahoma,* supra, 316 U.S. at 541, 62 S.Ct. [1110] at 1113 [86 L.Ed. at 1660], and the Ninth Amendment, *Griswold v. Connecticut,* 381 U.S. 479, 496, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J., concurring)."

We believe that proceedings under our juvenile code must be governed by the above principles.

■ It hardly seems necessary to state due process is the corner stone of anglo-american law and a meaningful hearing appropriate to the nature of the case is necessary at all type hearings. See *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

■ Lastly, trial court in the case at bar erred in holding when the attorney for the minor admitted the factual allegations of probation violation that he also admitted or confessed custodial unfitness of the appellant. This assumption is the false premise which negated a hearing and probably caused the court to dispense with any evidence. All the stipulation amounted to was an admission or confession that the probation rules had been violated, nothing else. The whole purpose of the dispositional hearing under § 1115 is to test the fitness of custodial or supervisory control of the child. In our opinion *In Re Wright,* 524 P.2d 790, 792 (Okl.1974) requires meaningful minimal due process which was not granted to the appellant herein:

"The fundamental requisite of due process is the opportunity to be heard. *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). This requirement is all the more important when the judicial procedure concerns the continuance to the parent-child relationship."

The Oklahoma Criminal Court of Appeals said in *Alford v. Carter,* 504 P.2d 436, 439 (Okl.Cr.1972):

" * * * Applicable due process standard in state juvenile proceedings is [that ·of] fundamental fairness."

REMANDED FOR NEW TRIAL.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.