**CITY OF STILLWATER, Oklahoma, a Municipal Corporation, Appellant,**

v.

**Ralph L. FOCHT, Fredia May Porter, Dorothy Mildred Harding, Ivan Focht, Ivy Voise, Freda Focht, Executrix of the Estate of Ray Focht, Deceased, Appellees.**

**No. 50207.**

Court of Appeals of Oklahoma, Division 1.

Jan. 3, 1978.

Released for Publication by Order of Court of Appeals Jan. 26, 1978.

**2.** 12 O.S.1971 § 1280.

Roger L. McMillan, Winfrey D. Houston, Stillwater, for appellant.

Max E. Sater, Stillwater, for appellees Ralph L. Focht and Freda Focht.

James M. Springer, Jr., Stillwater, for appellees Ivan Focht and Fredia May Porter.

Sidney D. Williams, Stillwater, for appellee Dorothy Mildred Harding.

BOX, Judge:

An appeal by the City of Stillwater from a jury verdict, arising out of a suit in condemnation of 7.14 acres owned by defendants.

The City of Stillwater by proper resolution condemned 7.14 acres of land lying

north of Will Rogers Grade School, a public school, for park purposes. 2.86 acres lying to the east of the tract taken, remains.

The court appointed Harry Boyce, Gene Hoyt and Abe Nasalroad as Commissioners. The Commissioners appraised the damages to the lands taken at $60,000.00 and the City demanded a jury trial. The case was tried to a jury which returned a verdict signed by nine members, in the amount of $62,000.00. City filed a Motion for New Trial. From the overruling of same, this appeal.

From a review of the record and transcript, evidence presented by the City's witnesses as to the market value of the property, ranged from $18,000.00 to a high of $20,000.00. Evidence presented by the defendants' witnesses ranged from $60,000.00 to $91,000.00. The jury was allowed to view the premises.

■ Defendants first seek a dismissal of this cause by reason of the filing by City of a supplemental designation of the record on October 29, 1976, the original designation having been filed on October 8, 1976. We decline to dismiss as this is not a jurisdictional matter. See 12 O.S.1971, § 990.

City alleges as error:

PROPOSITION 1. That the trial court committed error in admitting evidence of the price paid by the City of Stillwater for the purchase of comparable tracts of land.

■ The record reveals that during the testimony of Harry Boyce, the City made no objection except that one question was leading, which the court sustained. It was on cross-examination by the City that the evidence was adduced regarding the sales by other persons to City; further, the record reveals that this witness based his value on other factors as well. Thus, we find no reversible error.

City contends as

PROPOSITION 2. That the trial court committed error in allowing to be admitted into evidence the terms of comparable sales which had been verified only by revenue stamps and not by verification with the parties involved in the sale transaction.

No Oklahoma cases are provided by the parties, nor has this Court found one pertaining to this exact question. City cites for its authority *City of Denver v. Quick*, 108 Colo. 111, 113 P.2d 999, wherein the Colorado Supreme Court stated:

Proof of sales must be made by witnesses testifying directly to the facts and that while in stating the reasons for his opinion, an opinion witness might state any circumstances which he would be allowed to give as independent evidence, *he could not fortify his opinion by stating facts which were themselves hearsay or otherwise inadmissible.* (Emphasis supplied.)

See also *United States v. Katz*, 1 Cir., 213 F.2d 799; *State Highway Dept. v. Wilkes*, 106 Ga.App. 634, 127 S.E.2d 715; *Newton Girl Scout Council v. Massachusetts Turnpike Authority*, 335 Mass. 189, 138 N.E.2d 769; and *State ex rel. State Highway Commission v. Dockery*, 8 Cir., 300 S.W.2d 444, standing for the proposition regarding hearsay evidence.

■ We hold that the better reasoning and holdings are those brought to our attention by appellees, to-wit: The Supreme Court of Ohio in the case of *In re Ohio Turnpike Commission v. Ellis*, 164 Ohio St. 377, 131 N.E.2d 397, stated in Syllabus 4 as follows:

In an appropriation proceeding, testimony of a qualified witness making a careful examination as to the value of the land is not inadmissible because in reaching his conclusion, he took into account as one factor the amount for which comparable nearby properties were sold, as indicated by Federal Revenue Stamps attached to deeds.

citing the case of *Ramming Real Estate Co. v. United States*, 8 Cir., 122 F.2d 892, to support this ruling. In the *Ramming* case, the appellate court stated at page 895, as follows:

It is also urged that the testimony with reference to these sales was improper because based upon an examination of the

recorded deeds and not upon the personal knowledge of the witness. It is true that the consideration inserted in a conveyance is often not the true consideration; in fact, the consideration inserted in any instrument is usually open to inquiry and may be varied or contradicted by oral testimony. It is to be observed, however, that the witness' testimony was not based solely on the recitals of consideration contained in the deeds. He also took into consideration the revenue stamps which were affixed to the deeds. These were attached pursuant to federal statute, the violation of which is made a crime. With this sanction, we think the amount of revenue stamps attached to the deeds may be said to have been a reliable source of information as to the amount of the consideration paid for the property described therein. Here, again, the argument is one that may well have been addressed to the jury as affecting the weight of the testimony, rather than going to its admissibility. We think there was no abuse of discretion in admitting this testimony which the witness said he had taken into consideration in arriving at the fair market value of the property in controversy.

See also In re Appropriation for Hwy. Purposes of Land of Seas, 15 Ohio App.2d 55, 238 N.E.2d 818.

From a review of the records we find that defendants' witnesses took other factors into consideration in addition to the revenue stamps.

Next City contends:

PROPOSITION 3. The trial court committed error in failing to admit plaintiff's exhibits and to refuse to allow the jury to view said exhibits and photographs.

City's Exhibit No. 17, the denial of admission of which occurred as follows: Mr. Darrell Mecklenburg, Vice President and General Manager of McCoy-Mecklenburg Associates, Consulting Engineering and Land Surveyors, and president of his own firm dealing in commercial property, and elected surveyor of Payne County, after considerable testimony regarding necessary development costs, was questioned as follows:

Q   I hand you here what has been marked as Plaintiff's Exhibit # 17, and would ask you to tell the Jury what that is?

A   That's the development cost estimate that we've prepared.

Q   All right. This is the estimate sheet you've been testifying from?

A   Yes.

BY MR. SPRINGER: Then I object to it, incompetent, irrelevant, and immaterial. He's already testified to these figures.

BY MR. HOUSTON: We just thought it might assist the Jury, if they wanted, you know—

BY MR. SPRINGER: Don't think it's competent. He's testified to it.

BY THE COURT: Objection sustained.

BY MR. HOUSTON: We make an offer of proof of Plaintiff's Exhibit # 17, which is an estimate of development cost to which the witness has testified for the sole purpose of assisting the Jury in their deliberations.

BY MR. SPRINGER: Enter our objections to it.

BY THE COURT: Sustained.

Plaintiff's Exhibits 27 and 28 were offered in evidence in the following manner: During the testimony of Donald Eugene Campbell, who testified to the date, time and manner of taking the picture admitted by the court as plaintiff's Exhibit 26.

Plaintiff offered Exhibits 27 and 28 in the following manner:

BY MR. McMILLAN: Comes now the plaintiff and offers in evidence Plaintiff's Exhibit # 27, which consists of three Polaroid photographs taken by the witness Campbell on January 27th, 1975, and Plaintiff's Exhibit # 28, which is a Polaroid picture taken on the same date by the same witness showing other portions of the subject tract with water standing on it.

BY MR. SPRINGER: To which we object, incompetent, irrelevant, and immaterial, no proper predicate laid to show the conditions of the time, rainfall, flood conditions, what other parts of the City of Stillwater were like, and other surrounding areas.

BY THE COURT: Sustained; exhibits will not be admitted.

■ Although as pointed out by the City, the jury asked for plaintiff's Exhibit 17, said request being refused by the court. The exhibit was but a summary of the testimony which was heard by the jury. Same being merely cumulative, it was not error to exclude same.

Regarding City's Exhibits 27 and 28, the pictures were not properly identified; thus the trial court did not commit error in refusing to admit same.

City's fourth contention is as follows: PROPOSITION 4. The trial court committed error in admitting evidence of sales which were not comparable.

■ The Supreme Court in the case of *McAlester Urban Renewal Authority v. Lorince*, 519 P.2d 1346, held as follows:

Whether or not evidence of comparable sales should be submitted to jury is matter directed largely to trial court's discretion, and ruling of trial court will not be disturbed in absence of abuse of discretion.

From a review of the evidence, we find no error.

City's final contention is: PROPOSITION 5. The trial court committed error in refusing plaintiff's requested instruction on the possibility of a change in zoning.

■ From a review of the transcript we find that this contention has not been preserved for our consideration, as set out in the case of *Huff v. Duncan*, Okl.App., 530 P.2d 134. We have reviewed the instructions given by the court and find them free from fundamental error.

For the reasons herein set out, we hold that the trial court did not commit error in overruling City's Motion for New Trial; thus we affirm the judgment.

AFFIRMED.

ROMANG and REYNOLDS, JJ., concur.