Donna Jean MALONE, Appellee,

v.

Sammy E. MALONE, Appellant.

No. 51685.

Supreme Court of Oklahoma.

Feb. 13, 1979.

Ben T. Benedum, Benedum, Benedum & English, Norman, for appellee.

Ralph D. Huchteman, Norman, for appellant.

HODGES, Justice.

This appeal involves the modification of the custody of two minor children of the litigants and the procedures utilized by the trial court in reaching its decision. Custody of the children was changed from the father-appellant to the mother-appellee, after the trial court took the matter under advisement and ordered an in-home study report of the mother's home by the Department of Institutions and Social and Rehabilitative Services [DISRS] after the trial proceedings had been concluded.

The determinative question on appeal is whether the trial court erred in entering its order modifying child custody without receiving the in-home study report in open court. Appellant argues that he was denied due process of law because he was not permitted to examine the report, or to confront and cross-examine the investigator who prepared it; and that the judgment must be reversed because it was based in part on a report which was never received in evidence or made a part of the record in the case. In as much as the trial judge ordered the in-home study report, we must assume it was received and considered, thus projecting the possibility of some reliance upon it by the trial court.

Although this is a case of first impression in Oklahoma,[1] it has been considered by many jurisdictions. The overwhelming majority of the states have held either expressly or by necessary implication that an order or decree awarding or modifying custody must be based on evidence heard in open court in observance of the requirements of due process.[2] With the exception of certain matters of which the court may take judi-

---

1. This Court has considered the problem in *In the Matter of Schatz, 560 P.2d 183, 184 (Okl. 1977)* and *In the Matter of Paul, 555 P.2d 603 (Okl.1976)* in dispositional hearings under the Juvenile Code, 10 O.S.1971 § 1115(b) which requires a fair opportunity, if requested, to controvert and cross-examine the social worker's report. It was held in *Schatz* that failure to reveal the contents of the report denied the mother the right to a fair hearing. However, in *Ilee M. v. State, 577 P.2d 908, 911 (Okl.1978),* the Supreme Court refused to consider appellant's contention that the use of evaluation reports in termination proceedings were inadmissible as hearsay because the record amply supported the trial court's finding without reference to the reports.

2. See Annot., "Consideration of Investigation by Welfare Agency or the Like in Making or Modifying Award as Between Parents of Custody of Children," 35 A.L.R.2d 612 (1954).

cial notice, the decision of the trial court is limited to the record made before it in open court.

■ Due process requires an orderly proceeding adapted to the case in which the parties have an opportunity to be heard, and to defend, enforce and protect their rights.[3] An action involving the change of custody of minor children from one parent to another is a judicial proceeding and must be conducted in a strictly judicial manner. The decision is to be rendered by the judge only upon evidence properly before him. An investigator stands in no better position than an ordinary witness, and must be available for complete cross-examination on any matter which he may report to the judge. An investigator may not make a secret report. There is no back door to the courts for witnesses, investigators, or litigants.[4] Reports of experts are aids to the court in contested custody matters. However, it must be borne in mind that they are only aids, and, if they are not woven into the fabric of the record, they should not form the basis for a decision. If such reports are taken into consideration by the trial court, they must be made available to counsel, and the preparers thereof subject to cross-examination.[5]

The same question was considered in *In Re Brown, 246 So.2d 166, 168 (Fla.App.1971)* citing *McGuire v. McGuire, 140 So.2d 354, 356 (Fla.App.1962)* wherein the Court said:

"It seems to the Court that when a written report is considered by the Court in connection with any ruling or judgment, it should be filed in evidence the same as any other writing the court may consider. It is error for the Court to consider any writing or anything else that is not in evidence."

■ The admissibility of the report of an independent investigator in a custody modification proceeding presupposes that the ordinary rules of evidence have been complied with. It is an immutable principle of jurisprudence that where the reasonableness of an action depends on findings of fact, the evidence utilized to prove the case, consisting of testimony and documentary evidence, must be disclosed to the litigant so that he may have an opportunity to show that it is untrue. The right of a litigant to in-court presentation of evidence is essential to due process. Where important decisions turn on questions of fact, due process requires an opportunity, in almost every situation, to confront and cross-examine adverse witnesses.[6]

■ When a court of competent jurisdiction has awarded custody of children in a divorce proceeding, there must be substantial evidence of new facts and changed conditions to authorize any modification of the original decree.[7] The burden of proof rests upon the moving party. This burden cannot be met without a regular hearing with notice to the parties. The ex parte utilization of any private or outside investigation to prepare in camera orders constitutes a denial of the constitutional guarantee of due process of law.[8]

It is a recognized and established practice in this state to request DISRS to make an unbiased examination of the qualifications and circumstances of those seeking custody, and the best interests of the children. However, it has never been, nor should it be, the practice to receive such reports after trial. There is a fundamental unfairness in the reception of evidence in this manner.

---

**3.** *McMinn v. State Industrial Court, 366 P.2d 954, 957 (Okl.1962).*

**4.** *Solomon v. Solomon, 5 Ariz.App. 352, 427 P.2d 156 (1967); Washburn v. Washburn, 49 Cal.App.2d 581, 590, 122 P.2d 96, 101 (1942).*

**5.** *Stanford v. Stanford, 266 Minn. 250, 123 N.W.2d 187, 192 (1963); Kesseler v. Kesseler, 10 N.Y.2d 445, 225 N.Y.S.2d 1, 8, 180 N.E.2d 402, 407 (1962); Commonwealth v. Stack-*

*house, 176 Pa.Super. 361, 108 A.2d 73, 74 (1954).*

**6.** *Goldberg v. Kelly, 397 U.S. 254, 269, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970).*

**7.** *Pirrong v. Pirrong, 552 P.2d 383 (Okl.1976).*

**8.** *Flickinger v. Flickinger, 494 S.W.2d 388, 392 (Mo.App.1973); Williams v. Williams, 8 Ill. App.2d 1, 130 N.E.2d 291, 295 (1955).*

It amounts to a private investigation by the court in assembling and receiving evidence, out of the sight and hearing of the parties who are deprived of the opportunity to defend, rebut, or explain it.[9]

The trial court had an ex parte report from DISRS before it concerning an investigation of the adequacy of appellee's home. Although there might have been sufficient evidence of record to justify the court's finding, the denial of access to appellant of information relevant to the trial court's decision is violative of the process due to all litigants.[10]

This Court does not condemn the practice of utilization of DISRS reports on custody questions. Where the sole issue is what will best serve the welfare of the child, such reports are an invaluable aid to the court in determining the question. Their use should be encouraged, but care should be taken to give fair notice of the contents of the reports to the parties involved to afford them every opportunity to test the credibility of the investigator through cross-examination and confrontation, and to meet or answer every adverse fact or inference included therein.

REVERSED AND REMANDED.

All the Justices concur.

---

9. See *Mazur v. Lazurus, 196 A.2d 477, 479 (D.C.App.1964)* for cited authorities.
   See also, Comment, "Use of Extra-Record Information in Custody Cases," 24 U.Chi.L.Rev. 349 (1957).

10. See *Wood v. Tucker, 231 Pa.Super. 461, 332 A.2d 191, 192 (1974).*