**Herb C. PEXA and Dr. Frank Ungerlund, D.C., The Real Party In Interest, Petitioners,**

v.

**T.G. & Y. NORTHWESTERN NATIONAL INSURANCE COMPANY, and the Workers' Compensation Court of the State of Oklahoma, Respondents.**

**No. 66549.**

Court of Appeals of Oklahoma, Division No. 1.

March 17, 1987.

Terry Gust, Midwest City, for petitioners.

Mary A. Kelly, Oklahoma City, for respondents, T.G. & Y. and National Ins. Co.

GARRETT, Judge:

This is a proceeding to review an order of the Workers' Compensation Court. Petitioners allege a violation of due process and that the ruling of the trial court was not supported by competent evidence.

Frank Ungerlund, D.C. (Ungerlund) is the real party in interest. He provided the medical care to Herb C. Pexa from August 22, 1984 through April 4, 1985, for compensable injuries Pexa received while working for Respondent T.G. & Y. Ungerlund submitted a statement to Respondent Northwestern National Insurance Company for $2,355 for treatment to Pexa. The insurance company refused to pay the bill. Dr. Ungerlund then filed a Form 19 with the Workers' Compensation Court, along with an itemized statement. The Respondents filed the medical report of LeRoy Young, D.O., which addressed the reasonableness and necessity of the charges and treatment rendered by Dr. Ungerlund. Prior to the trial, the amount of Dr. Ungerlund's request was reduced, apparently by agreement, from $2,355 to $1,943. However, whatever agreement was reached did not include an agreement that the doctor bill would be paid. The issue was submitted on medical reports. No live testimony was presented at the hearing below.

On April 25, 1986, the trial court entered an order that $1,184 of the $1,943 bill submitted by Dr. Ungerlund was reasonable and necessary and ordered the Respondent insurance company to pay that sum of money to Dr. Ungerlund. This appeal followed.

On appeal, Ungerlund alleges the trial court's refusal to allow him to testify was violative of his due process rights and the order of the trial court was not based on competent evidence.

There is no transcript of the hearing in the trial court. We are unable to determine from the record whether Dr. Ungerlund made a request that he be permitted to testify in person in addition to the medical report which he filed.

■ At the time of trial, Dr. Ungerlund had offered his two page medical report, dated November 5, 1985, which was a written summary of his testimony regarding the treatment of the Claimant and his opinion as to necessity and reasonableness of said treatment. If he had been permitted to testify, it is not disputed that the testimony which he would have given from the

witness stand would be anything other than the same testimony that was offered by the written report. It therefore appears that his oral testimony would have been cumulative. Normally, it is within the sound discretion of the trial court to refuse evidence which is primarily cumulative in nature. However, if Dr. Ungerlund wanted to testify in lieu of his written report, Rule 20 of the Rules of the Workers' Compensation Court, 85 O.S. 1981 Ch. 4., App. authorizes such a request. Again, the transcript is not before us and the record does not disclose whether or not such a request was made.

Ungerlund relies on *Malone v. Malone*, 591 P.2d 296 (Okl.1979) in support of his due process contention. That case is clearly distinguishable from the case at bar. *Malone* was a motion to change custody of minor children in a divorce case. The trial court had received a report from DISRS called an "in-home" study. The report was received outside of court and was not offered in evidence. The Appellant claimed that he was not given an opportunity to examine the report or to cross-examine its author or to defend against its contents and contended he was denied due process of law. The Supreme Court agreed and reversed. This is not a holding that due process requires live testimony.

The Respondents cite *Bell v. Great Lakes Container Corp.*, 702 P.2d 387 (Okl. App.1985). The Court of Appeals held that due process of law does not require the Court to "see" and "hear" the witnesses. Written words are acceptable evidence. The Court cited *Commonwealth v. Tees*, 180 Pa.Super. 82, 118 A.2d 756 (1955) wherein the Pennsylvania Court held that due process of law does not require so called live testimony. It was pointed out that appellate courts frequently pass on the credibility and weight of testimony by witnesses based on the "cold record" of the printed word.

We hold that the trial court did not abuse its discretion in refusing the live testimony of Dr. Ungerlund since his written testimony had previously been submitted to the Court and his live testimony would have been cumulative.

■ We also hold that due process of law does not require the deciding court to receive live testimony or to "see" and "hear" the witness. The written or printed word is acceptable.

Petitioner did have his day in court and his due process was not violated. *CF. City of Stillwater v. Focht*, 574 P.2d 1091 (Okl. App.1978).

■ As for the Petitioner's contention that the order below is not supported by competent evidence, we find that this argument is not supported by the record. Within the Workers' Compensation Court system, this Court is limited to a "unsupported by competent evidence" standard of review in modifying or reversing a decision of the trial judge. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). Under this standard, this court can review the facts solely for the purpose of ascertaining whether the trial court's decision is supported by competent evidence. Only in the absence of competent evidence will the trial court's decision be viewed as erroneous as a matter of law and be subject to vacation. *See* also 85 O.S.1981 § 26. A review of the record clearly discloses that competent evidence was presented to the trial court both in favor of and against the statement of charges of Dr. Ungerlund. Therefore, we hold that the decision of the trial court is supported by competent evidence.

ORDER SUSTAINED.

ROBINSON, P.J., and REYNOLDS, J., concur.