■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN BATTA-GLIA, Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted (see *People v Crawford*, 71 AD2d 38). (Appeal from judgment of Erie County Court, Wolfgang, J. — grand larceny, third degree.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ.

■ GAIL KREBS, Respondent-Appellant, v GREGORY KREBS, Appellant-Respondent. — Decision reserved, case held and matter remitted to Supreme Court, Erie County, Kuszynski, J., for further proceedings in accordance with the following memorandum: On cross appeals from a judgment and amended judgments, defendant seeks reversal of the award to plaintiff of custody of the infant child of the parties, and plaintiff argues that the amounts awarded for child support and for counsel fees are insufficient, and that the trial court erred in forgiving payment by defendant of arrearages in temporary alimony. With consent of the parties, the court ordered investigations and reports to be made by the Erie County Probation Department and by the Erie County Forensic Mental Health Service. Upon consenting to the investigations, defendant reserved the right to read the reports and to cross-examine investigators. Although the reports and related documentation are included in the record and were relied upon by the trial court in awarding custody to plaintiff, it does not appear that defendant was given an opportunity to review them. In a custody dispute, where the court's sole concern is the best interest of the child (Domestic Relations Law, §§ 70, 240), it is well settled that the consent of the parties to an investigation may not be construed as consent to the confidential use by the trial court of the investigative reports *(Di Stefano v Di Stefano,* 51 AD2d 885). The child's best interest requires that the accuracy of the contents of such reports be established and that there be an opportunity to explain or rebut the material contained therein *(Matter of Lincoln v Lincoln,* 24 NY2d 270, 273). The matter is remitted for a further hearing to afford the parties an opportunity to review the results of the investigations of the Erie County Probation Department and the Erie County Forensic Mental Health Service and, if so advised, to cross-examine all those involved in the making of the reports and to afford the parties an opportunity to present testimony or other evidence in contravention thereof (see *Di Stefano v Di Stefano, supra).* The trial court is directed to make such additional findings upon the further hearing as are necessary and consistent with the best interest of the infant child. (Appeals from judgments of Erie Supreme Court, Kuszynski J. — divorce.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ.