■ In the Matter of LEE BERCAW, Appellant, v LAURA HOOD, Respondent. [669 NYS2d 763] —Carpinello, J. Appeal from an or-

---

der of the Family Court of Delaware County (Estes, J.), entered August 14, 1997, which, in a proceeding pursuant to Family Court Act article 6, modified a prior visitation order by, *inter alia*, directing that petitioner's visitation with the parties' child take place in New York.

Petitioner, a resident of Florida, and respondent, a resident of this State, are the parents of one child who resides with respondent. In conjunction with petitioner's application seeking joint legal custody and increased visitation, Family Court ordered a child protective investigation into allegations of child abuse by the child's stepfather pursuant to Family Court Act § 1034 (1). Thereafter, the Delaware County Department of Social Services filed a preliminary and final report with the court.

Although the parties may have been aware of the investigation by virtue of the fact that they were each contacted by the caseworker conducting it, the parties were never provided with copies of the written reports. Indeed, they were apparently not even aware of their existence until a decision was rendered in this matter. Family Court, relying extensively on the contents of the reports, not only denied petitioner's requests for joint custody and increased visitation, but *sua sponte* terminated all out-of-State visitation.

Family Court's reliance on the Department of Social Services' reports in rendering its determination constitutes reversible error (*see, e.g., Matter of Bauer v Bauer*, 88 AD2d 737; *Matter of Greenblatt v Van Deusen*, 87 AD2d 713; *Krebs v Krebs*, 83 AD2d 989; *Matter of Austin v Austin*, 65 AD2d 903). In child custody proceedings, " 'professional reports and independent investigations by the Trial Judge entail too many risks of error to permit their use without the parties' consent' " (*Wilson v Wilson*, 226 AD2d 711, 712, quoting *Matter of Lincoln v Lincoln*, 24 NY2d 270, 273; *see, Tacconi v Tacconi*, 197 AD2d 929; *Matter of Brice v Mitchell*, 184 AD2d 1008). Here, the court relied on the reports without affording the parties an opportunity to review them or to offer evidence in rebuttal (*cf., Matter of Thaxton v Morro*, 222 AD2d 955). Accordingly, the order must be reversed and the matter remitted for a new hearing.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.