2001 OK 23

**CITY OF TULSA, Oklahoma,
a municipal corporation,
Petitioner,**

v.

**STATE of Oklahoma;  and Oklahoma Tax Commission, Robert E. "Bob" Anderson, Chairman;  and Robert Butkin, State Treasurer;  and State Board of Equalization, Governor Frank Keating, Chairman, Respondents.**

**Nos. 95136, 95380, 95177, 95216.**

Supreme Court of Oklahoma.

March 13, 2001.

Martha Rupp Carter, City Attorney, Larry V. Simmons, Deputy City Attorney, Tulsa, OK, for Petitioner City of Tulsa, Oklahoma.

Jeff R. Raley, City Attorney, Jeff H. Bryant, Assistant City Attorney, Norman, OK, for Petitioner The City of Norman, Oklahoma.

William O. West, Municipal Counselor, Diane Lewis, Deputy Municipal Counselor, Kenneth Dale Jordan, Assistant Municipal Counselor, Oklahoma City, OK, for Petitioner The City of Oklahoma City, Oklahoma.

Michael R. Vanderburg, City Attorney, Broken Arrow, OK, for Petitioner The City of Broken Arrow, Oklahoma.

James W. Ely, Jr., Assistant District Attorney, Jenny Sanbrano, Legal Intern, Rogers County, Claremore, OK, for Appellee State of Oklahoma.

Lee Slater, Oklahoma City, OK, for Amicus Curiae Stratton Taylor, President Pro Tempore of the Oklahoma State Senate.

WINCHESTER, J.

¶ 1 This Court has assumed original jurisdiction in controversies involving the constitutionality of statutes and public finances. *See, e.g., Phillips v. Oklahoma Tax Commission,* 1978 OK 34, 577 P.2d 1278 (original jurisdiction assumed when petition-

ers challenged constitutionality of use tax codified at 68 O.S. Supp.1977, § 1402a). In the instant matter, as in *Phillips,* judicial resolution is "essential to the orderly fiscal management and budgeting of the governmental entities affected thereby." *Phillips,* 1978 OK 34, ¶ 13, 577 P.2d 1278, 1281. However, a needed judicial resolution is insufficient, by itself, to invoke this Court's original cognizance. We emphasized the well-established rule of this Court that a petitioner who seeks extraordinary relief must offer a legally sufficient reason to bring the proceeding in this Court instead of another court of competent jurisdiction in *Keating v. Johnson,* 1996 OK 61, 918 P.2d 51. The Legislature currently is in session and deciding the State budget, and State officials are relying upon the applicability of the statutes at issue herein to municipal revenues. Thus, the immediacy for assuming original jurisdiction is present. *Phillips v. Oklahoma Tax Commission,* 1978 OK 34, 577 P.2d 1278; *State ex rel. Board of Commissioners of Harmon County v. Oklahoma Tax Commission,* 1942 OK 266, 127 P.2d 1052. We assume original jurisdiction over the instant case pursuant to art. 7, § 4.[1]

¶ 2 We are asked to determine whether the State of Oklahoma wrongfully diverts a portion of municipal sales and use tax revenues to its General Revenue Fund as an "administrative expense" under 68 O.S. Supp. 2000, § 1367.1(D)[2] and

---

1. Art. 7, § 4 states, in pertinent part, "The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law."

2. 68 O.S. Supp.2000, § 1367.1, **Deduction for keeping records, filing reports and remitting tax when due,** provides:

   "A. For the purpose of compensating the seller or vendor in keeping sales tax records, filing reports and remitting the tax when due, a seller or vendor shall be allowed a deduction of two and one-fourth percent (2 ¼%) of the tax due under the applicable provisions of this title. Such deduction shall not be allowed with respect to a direct payment permit.

   B. No deductions from tax shall be allowed if any such report or payment of tax is delinquent; provided, the deduction shall be allowed if the Oklahoma Tax Commission determines that the

   reason that such report or payment of tax was delinquent was due to the tornadoes occurring May 3, 1999.

   C. Notwithstanding the formula provided by subsection A of this section, the deduction provided by this section shall be limited to a maximum of Three Thousand Three Hundred Dollars ($3,300.00) per reporting period per sales tax permit. Holders of sales tax permits as of April 1, 1993, shall continue to remit sales tax pursuant to such sales tax permits. No such sales tax permit holder may change his or her sales tax permit status in order to avoid the provisions of this subsection.

   D. Notwithstanding any other provision of law, an amount equal to the excess of the amount calculated by the formula provided by subsection A of this section over the Three–Thousand–Three–Hundred–Dollar limit provided by subsection C of this section shall be retained by the state as an administrative expense and deposited to the General Revenue Fund."

§ 1410.1(d)[3] We answer this question in the affirmative and hold that 68 O.S. Supp. 2000, § 1367.1(D) and § 1410.1(D) do not apply to municipal sales and use tax revenues.

■ ¶ 3 In addition to declaratory relief, Petitioners seek relief in the form of mandamus and injunction to compel state officials to act in accordance with the Oklahoma Constitution. Generally, a discretionary writ of mandamus issues to compel the performance of an act by a respondent when the petitioner has a clear legal right to have the act performed; the act arises from a duty of the respondent arising from an office, trust, or station; the act does not involve the exercise of discretion; the respondent has refused to perform the act; the writ will provide adequate relief and no other adequate remedy at law exists. *Oklahoma Gas and Electric Co. v. Dist. Court Fifteenth Judicial Dist., Cherokee Cnty.*, 1989 OK 158, ¶¶ 8, 9, 784 P.2d 61, 63; *State ex rel. Independent School Dist. No. 1 of Oklahoma County v. Barnes*, 1988 OK 70, ¶ 18, 762 P.2d 921, 923. In the case at bar, Petitioners seek to enforce the Oklahoma Constitution, certain state statutes, and contractual rights as against the Oklahoma Tax Commission. The Tax Commission may be a proper respondent for an extraordinary writ issued by this Court. *See, e.g., Fortinberry Co., Inc. v. Blundell*, 1952 OK 80, ¶ 38, 242 P.2d 427, 435–436 (wherein the Tax Commission was required to deposit certain funds.) The duty must be that of the Tax Commission and not some other entity, and no other legal remedy must exist. *See, Continental Oil Co. v. Oklahoma Tax Commission*, 1972 OK 30, 494 P.2d 650 (wherein taxpayers were not entitled to writ and taxpayers had remedy before the State Equalization Board.) Petitioners herein claim the duty involved is the Tax Commission's, and that no other legal remedy is available. While we agree the instant case is proper for mandamus, we decline to issue the writ herein.

■ ¶ 4 This Court will withhold the writ when confusion would result from its issuance, and this rule applies when the confusion relates to the public purse. *State ex rel. Nesbitt v. Ford*, 1967 OK 186, ¶ 33, 434 P.2d 934, 940, *citing, State ex rel. St. Louis–San Francisco Ry. Co. v. Boyett*, 183 Okl. 49, 80 P.2d 201, and *State ex rel. Dawson v. Dinwiddie*, 186 Okl. 63, 95 P.2d 867. In addition to declining to issue the writ, and in order to avoid confusion to current budgets, we make our opinion today effective on July 1, 2001. We have made our rulings prospective in effect when the statute involved may change an appropriated budget. *See, Campbell v. White*, 1993 OK 89, 856 P.2d 255 (wherein we made the opinion prospective to June 30, 1994). Therefore, we make our holding herein effective on July 1, 2001.

### FACTS

¶ 5 The first three cases were consolidated on October 31, 2000, and the fourth case, Cause No. 95,380 is consolidated with the surviving Cause No. 95,136 for disposition herein. Petitioners, the Cities of Tulsa, Oklahoma City, Norman and Broken Arrow, are referred to collectively as "municipalities." The factual contentions before us are undisputed, and the sole issue for our determination is whether 68 O.S. Supp.2000,

---

3. 68 O.S. Supp.2000, § 1410.1, **Deduction for keeping records, filing reports and remitting tax when due**, provides:

"A. For the purpose of compensating the seller or vendor in keeping use tax records, filing reports and remitting the tax when due, a seller or vendor shall be allowed a deduction not to exceed two and one-fourth percent (2 ¼%) of the tax due under the applicable provisions of this title.

B. No deductions from tax shall be allowed if any such report or payment of tax is delinquent.

C. Notwithstanding the formula provided by subsection A of this section, the deduction provided by this section shall be limited to a maximum of Three Thousand Three Hundred Dollars ($3,300.00) per reporting period. Persons remitting use tax pursuant to Section 1406 or 1407 of Title 68 of the Oklahoma Statutes as of April 1, 1993, shall continue to remit use tax in the same manner as they were on April 1, 1993. No such person may change the manner by which the person remits use tax in order to avoid the provisions of this subsection.

D. Notwithstanding any other provision of law, an amount equal to the excess of the amount calculated by the formula provided by subsection A of this section over the Three–Thousand–Three–Hundred–Dollar limit provided by subsection C of this section shall be retained by the state as an administrative expense and deposited to the General Revenue Fund."

§ 1367.1(D) and § 1410.1(D) apply to municipal funds. The Court allowed Stratton Taylor, President *Pro Tempore*, Oklahoma State Senate, *amicus curiae* participation in this matter by Order of October 9, 2000.

¶ 6 The statutes that pertain to the collection by the State of Oklahoma of municipal sales and use taxes are found in Title 68, Oklahoma Statutes. Pursuant to 68 O.S. Supp.2000, § 2702[4] the Oklahoma Tax Commission is entitled to a contractually negotiated fee as compensation for its collection of sales and use taxes for municipalities. Section 2702 authorizes the Tax Commission to retain "an amount not to exceed one and three-fourths percent (1 ¾ %) as a retention fee of municipal tax collected for services rendered in connection with such collections." The municipalities contracted with the Tax Commission to collect municipal sales and use taxes. This retention fee in the contracts represents the only portion of municipal sales and use tax revenues that the municipalities agreed to allow the Tax Commission to retain. When the State deposits an "administrative expense" taken from municipal funds pursuant to statutes that do not provide authority for it to do so, to-wit: § 1367.1(D) and § 1410.1(D), it breaches its contracts with municipalities and impermissibly retains municipal revenues.

¶ 7 Sellers and vendors who keep sales and use tax records, file reports and remit the tax when due are granted a "vendor's dis-

4. 68 O.S. Supp.2000, § 2702, **Contractual agreements to collect taxes and enforce and assess penalties by Tax Commission,** provides:

"The governing body of any incorporated city or town and the Oklahoma Tax Commission are authorized and empowered to enter into contractual agreements whereby the Oklahoma Tax Commission shall have authority to assess, to collect and to enforce any taxes or, penalties or interest thereon, levied by such incorporated city or town, and remit the same to such municipality. Said assessment, collection, and enforcement authority shall apply to any taxes, penalty or interest liability existing at the time of contracting. Upon contracting, the Oklahoma Tax Commission shall have all the powers of enforcement in regard to such taxes, penalties and interest as are granted to or vested in the contracting municipality. Such agreement shall provide for the assessment, collection, enforcement, and prosecution of such municipal tax, penalties and interest, in the same manner as and in accordance with the administration, collection, enforcement, and prosecution by the Oklahoma Tax Commission of any similar state tax except as provided by agreement. The municipality shall agree to refrain from any assessment, collection, or enforcement of the municipal tax except as specified in the agreement. Such agreement shall authorize the Oklahoma Tax Commission to retain an amount not to exceed one and three-fourths percent (1 ¾%) as a retention fee of municipal tax collected for services rendered in connection with such collections; provided, if a municipality files an action resulting in·collection of delinquent state and municipal taxes, the Tax Commission shall remit one-half (½) of the retention fee applied to the amount of such taxes to the municipality to be apportioned as are ·other sales tax revenue. All funds retained by the Oklahoma Tax Commission for the collection services to municipalities shall be deposited in the Oklahoma Tax Commission Revolving Fund in the State Treasury.

The Oklahoma Tax Commission shall place all sales taxes, including penalties and interest, collected on behalf of a municipality pursuant to the provisions of this section and all use taxes, including penalties and interest, collected on behalf of a municipality pursuant to the provisions of Section 1411 of this title in the Sales Tax Remitting Account as provided in Section 1373 of this title.

Provided that the Oklahoma Tax Commission and the governing body of any incorporated city or town may enter into contractual agreements whereby the municipality would be authorized to implement or augment the enforcement, collection and prosecution of the municipal tax· in those contracting municipalities and to provide for the satisfaction of refunds or credits to taxpayers. Such agreements shall and are hereby authorized to provide that the municipality and the Oklahoma Tax Commission may exchange necessary information to effectively carry out the terms of such agreements. The municipality, its officers and employees shall preserve the confidentiality of such information in the same manner and be subject to the same penalties as provided by Section 205 of this title, provided that the municipal prosecutor and other municipal enforcement personnel may receive all information necessary to implement or augment the enforcement and prosecution of municipal sales tax ordinances. Any sum or sums collected or required to be collected pursuant to a municipal sales tax levy shall be deemed to be held in trust for the municipality, and, as trustee, the collecting vendor shall have a fiduciary duty to the municipality in regards to such sums and shall be subject to the trust laws of this state. Any vendor who fails to remit the municipal sales tax after the tax has been collected from the consumer, and appropriates the tax held in trust to his own use, or to the use of any person not entitled thereto, without authority of law, shall be guilty of embezzlement."

count" deduction from state sales and use tax revenues by 68 O.S. Supp.2000, § 1367.1(A)-(C) (sales tax) and 68 O.S. Supp.2000, § 1410.1(A)-(C) (use tax). Under these subsections, a seller or vendor is allowed a deduction of two and one-fourth percent (2 ¼ %) of the state sales or use tax due. The current versions of these sections cap the amount of the vendor's deduction at three thousand three hundred dollars ($3,300.00) per reporting period in subsections (C). The excess over that amount, if any, "shall be retained by the state as an administrative expense and deposited to the General Revenue Fund," under subsection (D) of § 1367.1 and § 1410.1. The municipalities enacted ordinances to provide similar deductions to vendors for reports and payments of municipal sales and use taxes.[5] But these municipal ordinances do not provide Legislative authority for the State to collect its "administrative expense" from municipal revenues, just as § 1367.1(D) and § 1410.1(D) do not.[6]

¶ 8 The State presents no statute that allows it to retain municipal revenues as an "administrative expense." We do not visit the issue of whether the State performs additional administrative duties to warrant non-contractual fees from municipalities, because the Legislature has not enacted a statute to authorize such fees.

## CONCLUSION

¶ 9 We are unpersuaded by the arguments of Respondents, and hold § 1367.1(D) and § 1410.1(D) of Title 68 are inapplicable to

municipal funds. For the reasons set forth hereinabove, our holding is effective on July 1, 2001.

**ORIGINAL JURISDICTION ASSUMED; DECLARATORY RELIEF GRANTED;WRITS OF INJUNCTION AND MANDAMUS DENIED.**

¶ 10 HODGES, LAVENDER, OPALA, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 11 WATT, V.C.J.; KAUGER, J., concur in part; dissent in part.

¶ 12 HARGRAVE, C.J., dissents.

---

5. Section 15, RETURNS AND REMITTANCES—DISCOUNTS, Ordinance No. 237, City of Broken Arrow, Oklahoma, provides: Returns and remittances of the tax herein levied and collected shall be made to the Tax Collector at the time and in the manner form and amount as prescribed for returns and remittances required by the State Sales Tax Code; and remittances of tax collected hereunder shall be subject to the same discount as may be allowed by said Code for collection of State Sales taxes.

Section 22–90. REMUNERATIVE DEDUCTIONS ALLOWED VENDORS OR RETAILERS OF OTHER STATES, Ordinance No. 1460, City of Broken Arrow, Oklahoma, provides for the same discount to vendors as allowed by the Oklahoma Use Tax Code.

Section 13, Returns and Remittances—Discounts, Ordinance No. 1027, City of Norman, Oklahoma, provides: Returns and remittances of

the tax levied herein and collected shall be made to the Tax Collector at the time, and in the manner, form and amount as prescribed for returns and remittances required by the State Sales Tax Code; and remittances of tax collected hereunder shall be subject to the same discount as may be allowed by said Code for collection of State Sales taxes.

6. The 1993 amendments codified as subsection (D) of these two statutes originated as H.B. No. 1100 in the First Regular Session of the Legislature, 1993. Pursuant to art. 5, § 57, Oklahoma Constitution, the title of a bill is coextensive with the text of the provisions and every act of the Legislature is limited by its title and by the One Subject Rule. Neither the title nor the provisions of H.B. No. 1100 includes a reference to collections of tax for municipalities. As such, these subsections are limited in their application and do not pertain to municipalities.