2007 OK 100

**Ray Lynn KELLEY, Petitioner,**

v.

**Visca Karolina Amasaman KELLEY, Respondent,**

**Christine Gronlund, Guardian ad litem, real party in interest,**

**and**

**Lisa K. Hammond, Judge of the District Court, real party in interest.**

**No. 104,787.**

Supreme Court of Oklahoma.

Dec. 18, 2007.

---

Howard F. Israel, Oklahoma City, OK, for Petitioner.

James Schaefer, Ponca City, OK, for Respondent.

Christine N. Gronlund, Anne Scott, Public Defender's Office of Oklahoma County, Oklahoma City, Oklahoma, Guardians ad litem.

WATT, J.

¶ 1 The original action involves a custody dispute. At issue are the constitutionality of 43 O.S. Supp.2006 § 107.3(A)(2)(e),[1] providing that no discovery shall be allowed of the guardian *ad litem,* and the trial court's order[2] prohibiting the guardian *ad litem* from being called as a witness in the cause.[3] We consider the constitutionality of § 107.3 only to the extent that it can be construed to prohibit cross-examination of a guardian *ad litem* in a custody proceeding, necessarily limiting our discussion to the validity of the statute as applied.[4]

1. Title 43 O.S. Supp.2006 § 107.3(A)(2)(e) providing in pertinent part:
   "... In addition to other duties required by the court and as specified by the court, a guardian ad litem shall have the following responsibilities:
   ... e. the guardian ad litem shall, as much as possible, maintain confidentiality of information related to the case and is not subject to discovery pursuant to the Oklahoma Discovery code...."

2. The trial court's order, issued on March 31, 2005, providing in pertinent part:
   "... 1.) ... H.) It shall not be part of the duties of the Guardian Ad Litem to submit a written report to the Court or to attorneys. I.) The Guardian Ad Litem shall not be called as a witness in this case...."

3. At the hearing before the Referee, the father raised a second challenge to the trial court's order excusing the guardian *ad litem* from providing a written report before the trial. See, the trial court's order, issued on March 31, 2005, note 2, supra. The guardian *ad litem* contends that this issue should not be addressed as it was not presented to the trial court. See, *Jordan v. Jordan,* 2006 OK 88, ¶ 13, 151 P.3d 117; *Northwest Datsun v. Oklahoma Motor Vehicle Comm'n,* 1987 OK 31, ¶ 16, 736 P.2d 516. Nevertheless, we note the guardian *ad litem* was given the opportunity to brief the issue subsequent to a hearing before the Referee and that a written report was attached when the guardian *ad litem's* Response to First Amendment Petitioner's Combined Application to Assume Original Jurisdiction, Petition for Writ of Prohibition and Mandamus, and Brief in Support was filed on October 11, 2007. Under these facts, the Court expresses no opinion on whether the trial court's having excused the report was a violation of the father's due process rights. We do note that the clear, mandatory and unmistakable language of

43 O.S. Supp.2006 § 107.3(A)(2)(d) appears to require a guardian *ad litem* to present written reports to the parties and the court before trial. Title 43 O.S. Supp.2006 § 107.3(A)(2)(d) providing in pertinent part:
   "... [T]he court may appoint an attorney at law as guardian ad litem upon motion of the court or upon application of any party to appear for and represent the minor children ... In addition to other duties required by the court and as specified by the court, a guardian ad litem **shall** have the following responsibilities:
   d. present written reports to the parties and court prior to trial ..." [Emphasis provided.]
Generally, the use of "shall" signifies a command. *Zeier v. Zimmer, Inc.,* 2006 OK 98, ¶ 7, 152 P.3d 861; *Cox v. State ex rel. Oklahoma Dept. of Human Services,* 2004 OK 17, ¶ 21, 87 P.3d 607; *United States through Farmers Home Admin. v. Hobbs,* 1996 OK 77, ¶ 7, 921 P.2d 338. Nevertheless, there may be times when the term is permissive in nature. *Cox v. State ex rel. Oklahoma Dept. of Human Services,* this note supra; *Minie v. Hudson,* 1997 OK 26, ¶ 7, 934 P.2d 1082; *Texaco, Inc. v. City of Oklahoma City,* 1980 OK 169, ¶ 9, 619 P.2d 869. We also note that at least one court has indicated that the lack of a written report from the guardian *ad litem* is one factor which contributes to the violation of a parent's due process rights in a custody proceeding. *Patel v. Patel,* 347 S.C. 281, 555 S.E.2d 386 (2001) [Court-announced standard codified. See, *Nasser–Moghaddassi v. Moghaddassi,* 364 S.C. 182, 612 S.E.2d 707 (2005)]. See also, *In re Sadiku,* 139 Ohio App.3d 263, 743 N.E.2d 507 (2000), holding that the denial of a parent's statutory right to rebut the guardian *ad litem's* written report violates due process.

4. *Oklahoma Alcoholic Beverage Control Bd. v. Parkhill Restaurants, Inc.,* 1983 OK 77, ¶ 1, 669

¶ 2 Original jurisdiction is assumed and a writ of mandamus issued.[5] In deciding the first-impression matter involving the fundamental rights of parents,[6] we hold that state due process[7] necessitates that parties in a custody proceeding have the right to cross-examine the guardian *ad litem* concerning the basis of any custody recommendation. To the extent that 43 O.S. Supp.2006 § 1.07.(A)(2)(e) and the trial court's order exempt the guardian *ad litem* from appearing as a witness, they are unconstitutional.

¶ 3 Our determination is based on *Malone v. Malone*, 1979 OK 21, 591 P.2d 296, holding that due process necessitates that preparers of reports utilized by trial courts to make custody determinations must be subject to cross-examination. Also convincing is the almost unanimous extant jurisprudence determining that due process requires that guardians *ad litem* must be available for cross-examination by parents where their recommendations will weigh in the trial court's custody determination.[8]

## RELEVANT FACTS

¶ 4 The custody proceeding has been pending in district court in excess of two years, largely as a result of a tortured procedural history of requested extensions, a failed settlement and substitution of counsel. On March 31, 2005, the trial court appointed the guardian *ad litem* to protect and foster the best interests of the minor child. At issue here is the trial court's order prohibiting the guardian *ad litem* from being called as a

P.2d 265; *State ex rel. Cartwright v. Dunbar*, 1980 OK 15, ¶ 49, 618 P.2d 900.

5. Generally, a discretionary writ of mandamus issues to compel the performance of an act by a respondent when a petitioner: has a clear legal right to have the act performed; the act arises from a duty of the respondent arising from an office, trust, or station; the act does not involve the exercise of discretion; the respondent has refused to perform the act; and the writ will provide adequate relief and no other adequate remedy at law exists. *State of Oklahoma ex rel. Dept. of Transp. v. Post*, 2005 OK 69, ¶ 2, 125 P.3d 1183; *City of Tulsa v. State ex rel. Oklahoma Tax Comm'n*, 2001 OK 23, ¶ 3, 20 P.3d 144; *Oklahoma Gas & Elec. Co. v. District Court*, 1989 OK 158, ¶¶ 8–9, 784 P.2d 61; *State ex rel. Indep. School Dist. No. 1 v. Barnes*, 1988 OK 70, ¶ 18, 762 P.2d 921. Original jurisdiction may be assumed and the extraordinary relief of a writ of mandamus is available under proper circumstances to order or prohibit the production of evidence prior to trial. *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶ 3, 77 P.3d 1069; *Inhofe v. Wiseman*, 1989 OK 41, ¶ 0, 772 P.2d 389; *Ellison v. Gray*, 1985 OK 35, ¶ 18, 702 P.2d 360. Custody issues may be addressed in original jurisdiction matters through the issuance of an extraordinary writ. *Carter v. Carter*, 1989 OK 153, ¶ 2, 783 P.2d 969; *Holt v. District Court*, 1981 OK 39, ¶¶ 32–33, 626 P.2d 1336; *Gourley v. George*, 1979 OK 134, ¶ 7, 601 P.2d 94,

6. The right of a parent to the care, custody, companionship and management of his or her child is a fundamental right protected by the federal and state constitutions. *Matter of Adoption of L.D.S.*, 2006 OK 80, ¶ 11, 155 P.3d 1; *Delk v. Markel American Ins. Co.*, 2003 OK 88, ¶ 17, 81 P.3d 629; *Matter of Baby Girl L.*, 2002 OK 9, ¶ 33, 51 P.3d 544; *McDonald v. Wrigley*, 1994 OK 25, ¶ 9, 870 P.2d 777.

7. The Okla. Const. art. 2, § 7 providing:

    "No person shall be deprived of liberty or property, without due process of law."

8. *In re Brown*, see note 16, infra; *Toms v. Toms*, see note 16, infra; *In re Hoffman*, see note 16, infra; *In re B.P.*, see note 16, infra; *South Carolina Dept. of Social Services v. Beeks*, see note 16, infra; *Kidwell v. Calderon*, see note 16, infra; *In re Welfare of J.M.*, see note 16, infra; *C.J.L. v. M.W.B.*, see note 16, infra; *People in Interest of A.L.B.*, see note 16, infra; *Thomas v. Thomas*, see note 16, infra; *Leary v. Leary*, see note 16, infra; *Bowman v. Bowman*, see note 16, infra. But see, *Clark v. Alexander*, note 16, infra; *Shainwald v. Shainwald*, note 16, infra. Likewise, the great weight of authority where the issue of cross-examination of other experts in custody suits has arisen supports the proposition that such testimony is necessary to protect parents' constitutional rights. See, *Quarne v. Quarne*, note 16, infra; *Matter of Appeal in Maricopa County Juvenile Action No. JD–6123*, note 16, infra; *Thorlaksen v. Thorlaksen*, see note 16, infra; *Schmitz v. Schmitz*, note 16, infra; *People in Interest of A.M.D.*, note 16, infra; *State ex rel. Fisher v. Devins*, note 16, infra; *In re Kramer*, note 16, infra; *Yearsley v. Yearsley*, note 16, infra; *Anderson v. Anderson*, note 20, infra; *Larson v. Larson*, note 16, infra; *Moody v. Gilbert*, note 16, infra; *Roberts v. Roberts*, note 16, infra; *Fewel v. Fewel*, note 16, infra; *Roach v. Roach*, note 16, infra; *Lyle v. Eddy*, note 16, infra; *Krebs v. Krebs*, note 16, *Kates v. Smith*, note 16, infra; *Mazur v. Lazarus*, note 16, infra; *In re Rosmis*, note 16, infra; *Tumbleson v. Tumbleson*, note 16, infra. But see, on the same issue, *Bass v. Bass*, note 16, infra; *In re Jeanette V.*, note 16, infra; *Murtari v. Murtari*, note 16, infra; *State in Interest of G.Y.*, note 16, infra; *People in Interest of R.D.H.*, note 16, infra; *LeBlanc v. LeBlanc*, note 16, infra.

witness in the custody proceeding.[9] It is uncontested that the order is a form regularly utilized in domestic cases in Oklahoma County.[10]

¶ 5 At a pre-trial conference held on June 21, 2007, the guardian *ad litem* recommended that the mother retain primary custody of the child. The father filed a combined application to assume original jurisdiction, petition for writ of prohibition and mandamus, and brief in support on June 25, 2007, attacking the constitutionality of 43 O.S. Supp.2006 § 107.3(A)(2)(e)[11] upon which the guardian *ad litem* relies for the proposition that her recommendations are not subject to cross-examination.

¶ 6 On October 5, 2007, following oral argument before one of this Court's Referees, the father filed an amendment to Petitioner's Application to Assume Original Jurisdiction and Petition for Extraordinary Alternative Writ of Prohibition/Mandamus and Brief in Support. The guardian *ad litem* responded on October 11, 2007. Pursuant to 12 O.S. Supp.2003 § 1653(C),[12] we advised the Attorney General of the constitutional challenge to 43 O.S. Supp. § 107.3 giving him the option of filing a brief in the cause within 10 days of the order. The Attorney General did not respond to the October 11th order.

¶ 7 DUE PROCESS NECESSITATES THAT PARENTS IN A CUSTODY PROCEEDING HAVE THE RIGHT TO CROSS–EXAMINE THE GUARDIAN *AD LITEM* CONCERNING THE BASIS OF ANY CUSTODY RECOMMENDATION. TO THE EXTENT THAT 43 O.S. SUPP. 2006 § 107.3(A)(2)(e) AND THE TRIAL COURT'S ORDER EXEMPT THE GUARDIAN *AD LITEM* FROM APPEARING AS A WITNESS, THEY ARE UNCONSTITUTIONAL.

¶ 8 The father asserts that he has a fundamental right to the care, custody, companionship and management of his child protected by the federal and state constitutions.[13] To ensure those protections, he insists that he must have the due process right to cross-examine the guardian *ad litem*. To the extent that 43 O.S. Supp.2006 § 107.3(A)(2)(e)[14] and the trial court's order, prohibit such cross-examination, the father contends they are unconstitutional. Conversely, the guardian *ad litem* argues that she may not be called as a witness because she is, essentially, an attorney advocating in the cause. Furthermore, the guardian *ad litem* asserts that neither 43 O.S. Supp.2006 § 107.3(A)(2)(e) nor the trial court's order[15] prohibiting the father from calling her as a witness violates any principle of due process. We disagree with the guardian *ad litem's* position.

¶ 9 Although this cause presents an issue of first impression in Oklahoma, research reveals that it has been considered in several jurisdictions. The overwhelming majority of the states addressing the parental right to

---

9. The trial court's order of March 31, 2005, see note 2, supra.

10. The Guardian Ad Litem's Response to First Amendment Petitioner's Combined Application to Assume Original Jurisdiction, Petition for Writ of Prohibition and Mandamus, and Brief in Support, filed on October 11, 2007, providing in pertinent part at p. 3:

"... Petitioner, through counsel, argued that the public defender's order is a form order. In fact, the order is a form order and is available for viewing in the Judges [sic] chambers on the domestic floor...."

Admissions in a brief may be regarded as a supplement to the appellate record. *Matter of Adoption of M.J.S.*, 2007 OK 43, fn. 17, 162 P.3d 200; *King v. King*, 2005 OK 4, fn. 31, 107 P.3d 570; *Keating v. Edmondson*, 2001 OK 110, fn. 21, 37 P.3d 882.

11. Title 43 O.S. Supp.2006 § 107.3(A)(2)(e), see note 1, supra.

12. Title 12 O.S. Supp.2003 § 1653(C) providing in pertinent part:

"... [I]f a statute or regulation is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

13. *Matter of Adoption of L.D.S.*, see note 6, supra; *Delk v. Markel American Ins. Co.*, see note 6, supra; *Matter of Baby Girl L*, see note 6, supra; *McDonald v. Wrigley*, see note 6, supra.

14. Title 43 O.S. Supp.2006 § 107.3(A)(2)(e), see note 1, supra.

15. The trial court's order, issued on March 31, 2005, see note 2, supra.

cross-examine a guardian *ad litem* have held either expressly, or by necessary implication, that an order or decree awarding or modifying custody must be based on evidence heard in open court in observance of the requirements of due process.[16] Our sister states make it clear that due process does not exist in absence of the opportunity of a parent to cross-examine the guardian *ad litem*.

¶ 10 We have not previously addressed the question of whether, not withstanding the language of 43 O.S. Supp.2006 § 107.3(A)(2)(e), due process necessitates that a parent facing the loss or change of custody be allowed to cross-examine a guardian *ad litem*. Nevertheless, we have considered the issue of whether cross-examination

must be allowed in situations where a trial court's custody decision may be influenced by a professional's report.

¶ 11 In *Malone v. Malone*, 1979 OK 21, 591 P.2d 296, the trial court ordered an in-home study by the Department of Institutions and Social Rehabilitative Services after trial proceedings were concluded. The parent argued that the trial court's consideration of the report outside open proceedings, and without allowing the preparer to be cross-examined, violated due process rights. The *Malone* Court agreed, stating:

> Due process requires an orderly proceeding adapted to the case in which the parties have an opportunity to be heard, and to defend, enforce and protect their rights.

16. *In re Brown*, 153 Wash.2d 646, 105 P.3d 991 (2005); *Toms v. Toms*, 98 S.W.3d 140, 145 (Tenn.2003); *In re Hoffman*, 2002 Ohio 5368, ¶ 25, 97 Ohio St.3d 92, 776 N.E.2d 485; *In re B.P.*, 2001 MT 219, ¶ 33, 306 Mont. 430, 35 P.3d 291; *South Carolina Dept. of Social Services v. Beeks*, 325 S.C. 243, 481 S.E.2d 703 (1997); *Kidwell v. Calderon*, 98 Conn.App. 754, 911 A.2d 342 (Conn.App.2006); *In re Welfare of J.M.*, 130 Wash.App. 912, 125 P.3d 245 (2005); *C.J.L. v. M.W.B.*, 879 So.2d 1169, 1181 (Ala.Civ.App. 2003); *People in Interest of A.L.B.*, 994 P.2d 476, 480 (Colo.App.1999); *Thomas v. Thomas*, 1999 NMCA 135, 128 N.M. 177, 991 P.2d 7 (1999), *cert. denied*, 128 NM 150, 990 P.2d 824 (1999); *Leary v. Leary*, 97 Md.App. 26, 627 A.2d 30 (1993) [Abrogated on other grounds.]; *Bowman v. Bowman*, 686 N.E.2d 921 (Ind.App.1997). See also, Annot., Right, in Child Custody Proceedings, to Cross–Examine Investigating Officer Whose Report is used by Court in its Decision, 59 A.L.R.3d 1337 (1974) [Acknowledging that courts utilizing investigative reports in custody matters generally allow the governance of procedural and evidentiary principles of the right to cross-examine the investigator whose investigative report is utilized by the court in reaching its decision.]; Annot., Consideration of Investigation by Welfare Agency or the Like in Making or Modifying Award as Between Parents of Custody of Children, 35 A.L.R.2d 629 (1954) [Stating the general principle that, despite the judicial awareness of the necessity for informal procedure in custody cases, the parties, in the absence of their consent, cannot be deprived of any of the usual attributes of a fair trial in open court. Stated differently, the order or decree awarding the custody of a minor child to one of the parents must be based on evidence heard in open court in observance of the requirements of due process, rather than on information obtained by a private investigation.]. But see, *Clark v. Alexander*, 953 P.2d 145 (Wyo.1998); *Shainwald v. Sha-*

*inwald*, 302 S.C. 453, 395 S.E.2d 441 (S.C.App. 1990).

Recognizing the right to cross-examination of other experts in juvenile or custody proceedings, see, *Quarne v. Quarne*, 1999 ND 188, 601 N.W.2d 256; *Matter of Appeal in Maricopa County Juvenile Action No. JD–6123*, 191 Ariz. 384, 956 P.2d 511 (1997); *Thorlaksen v. Thorlaksen*, 453 N.W.2d 770 (N.D.1990); *Schmitz v. Schmitz*, 351 N.W.2d 143 (S.D.1984); *People in Interest of A.M.D.*, 648 P.2d 625 (Colo.1982); *State ex rel. Fisher v. Devins*, 294 Minn. 496, 200 N.W.2d 28, 59 A.L.R.3d 1331 (1972); *In re Kramer*, 177 Mont. 61, 580 P.2d 439 (1978); *Yearsley v. Yearsley*, 94 Idaho 667, 496 P.2d 666 (1972); *Anderson v. Anderson*, see note 20, infra; *Larson v. Larson*, 30 Wis.2d 291, 140 N.W.2d 230 (1966); *Moody v. Gilbert*, 208 Ga. 784, 69 S.E.2d 874 (1952); *Roberts v. Roberts*, 216 Ark. 453, 226 S.W.2d 579 (1950); *Fewel v. Fewel*, 23 Cal.2d 431, 144 P.2d 592 (1943); *Roach v. Roach*, 79 Ohio App.3d 194, 607 N.E.2d 35 (1992); *Lyle v. Eddy*, 481 So.2d 395 (Ala.Civ.App.1985); *Krebs v. Krebs*, 83 A.D.2d 989, 443 N.Y.S.2d 530 (1981); *Kates v. Smith*, 556 S.W.2d 630 (Tex.Civ.App. 1977); *Mazur v. Lazarus*, 196 A.2d 477 (D.C.App. 1964); *In re Rosmis*, 26 Ill.App.2d 226, 167 N.E.2d 826 (1960); *Tumbleson v. Tumbleson*, 117 Ind.App. 455, 73 N.E.2d 59 (1947).

In some cases, cross-examination of an expert in a juvenile or custody proceeding has not been held as necessary to protect a parent's due process rights. See, *Bass v. Bass*, 437 P.2d 324 (Alaska 1968); *In re Jeanette V.*, 68 Cal.App.4th 811, 80 Cal.Rptr.2d 534 (1998); *Murtari v. Murtari*, 249 A.D.2d 960, 673 N.Y.S.2d 278 (1998), *appeal dismissed*, 92 N.Y.2d 919, 680 N.Y.S.2d 459, 703 N.E.2d 271 (1998); *State in Interest of G.Y.*, 962 P.2d 78, 86 (Utah App.1998); *People in Interest of R.D.H.*, 944 P.2d 660 (Colo.App.1997); *LeBlanc v. LeBlanc*, 194 So.2d 122 (La.App. 1967).

An action involving the change of custody of minor children from one parent to another is a judicial proceeding and must be conducted in a strictly judicial manner. The decision is to be rendered by the judge only upon evidence properly before him. **An investigator may not make a secret report.** There is no back door to the courts for witnesses, investigators, or litigants. Reports of experts are aids to the court in contested custody matters. However, it must be borne in mind that they are only aids, and, if they are not woven into the fabric of the record, they should not form the basis for a decision. **If such reports are taken into consideration by the court, they must be made available to counsel, and the preparers thereof subject to cross-examination.** [Footnotes omitted. Emphasis provided.]

In *Malone,* it was emphasized that it is fundamentally unfair to receive evidence in a manner that does not advise the parent of its content and provide an opportunity for the information to be tested through cross-examination. Furthermore, the *Malone* Court made it clear that such procedures amount to private investigations by the court in assembling and receiving evidence, out of the sight and hearing of the parties, who are deprived of the opportunity to defend, rebut, or explain. Due process simply does not exist in such an atmosphere.

¶ 12 Our previous decision in *Malone,* although not precisely on all fours with the situation presented today, necessitates our holding that in a permanent custody proceeding once the guardian *ad litem's* report is proffered to the trial court, parties have the right to cross-examine the guardian *ad litem* concerning the contents of the report and the basis for a custody recommendation. The determination is supported by the great

weight of authority from jurisdictions addressing the issue.[17]

## CONCLUSION

■ ¶ 13 The right of trial involves the right to confront and cross-examine adverse witnesses.[18] The father's fundamental due process rights are protected by the Oklahoma Constitution.[19] Due process necessitates that a parent have the right to cross-examine the guardian *ad litem* once guardian's report is proffered to the trial court.

¶ 14 The legislative act removing the guardian *ad litem* from the discovery process cannot be construed so as to deny due process which includes the right to be heard in open court and to have a determination of issues based upon competent evidence offered by persons who submit themselves to cross-examination.[20] Therefore, to the extent that 43 O.S. Supp.2006 § 107.3(A)(2)(e),[21] barring discovery of the guardian *ad litem,* negates the right of a parent to cross-examine the guardian concerning the contents of the report and the basis for a custody recommendation, it is an unconstitutional restraint on the parent's fundamental rights to the care, custody, companionship and management of his or her child.[22] The trial court's order barring the father from calling the guardian *ad litem* from testifying in the cause suffers from the same constitutional infirmity.

¶ 15 This opinion should not be read to dissuade the utilization of guardians *ad litem* in custody matters. We do not discount the important role of guardians *ad litem* in placement proceedings. Such individuals serve as invaluable assets both to the children whose rights they guard and to the trial court which must make difficult decisions on

---

17. See ¶ 9, supra and accompanying footnote.

18. *Tumbleson v. Tumbleson,* see note 16, supra.

19. The Okla. Const. art. 2, § 7, see note 7, supra.

20. *Anderson v. Anderson,* 167 Colo. 88, 445 P.2d 397 (1968).

21. Title 43 O.S. Supp.2006 § 107.3(A)(2)(e), see note 1, supra.

22. *Matter of Adoption of L.D.S.,* see note 6, supra; *Delk v. Markel American Ins. Co.,* see note 6, supra; *Matter of Baby Girl L,* see note 6, supra; *McDonald v. Wrigley,* see note 6, supra.

the placement of minors. Nevertheless, without the safeguard of cross-examination, there is no measure to ensure the accuracy of the information provided and the credibility of those who make the statements.

**ORIGINAL JURISDICTION ASSUMED; WRIT OF MANDAMUS ISSUED.**

EDMONDSON, V.C.J., OPALA, KAUGER, WATT, TAYLOR, COLBERT and REIF, JJ., concur.

WINCHESTER, C.J., HARGRAVE, J., concur in part and dissent in part.