Aarons, J.
Appeals from two orders of the Family Court of Tompkins County (Cassidy, J.), entered August 19, 2014 and September 2, 2014, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ children.
*1424 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2011 and 2009). After the parties’ relationship strained, the father, in December 2012, moved out of their residence and they shared custody of the children without a court order. In December 2013, the father petitioned for custody of the children. The mother cross-petitioned for sole custody of the children. Following a fact-finding hearing, Family Court granted custody of the children to the father and set forth a parenting time schedule for the mother. The mother appeals.
The mother contends that Family Court erroneously relied on information contained in reports prepared by the Tompkins County Department of Social Services (hereinafter DSS) in connection with an investigation into the mother under Family Ct Act § 1034. We agree. At the fact-finding hearing, the mother objected to the substance of the reports of DSS as hearsay. Even though the reports were not admitted into evidence, Family Court nonetheless considered the reports in making its ultimate determination. In doing so, Family Court committed error (see Matter of Bercaw v Hood, 248 AD2d 881, 882 [1998]).
The attorney for the children concedes this error but contends that such error was harmless. We disagree. After the fact-finding hearing concluded, the parties and the attorney for the children submitted separate written closing summations. Family Court adopted and incorporated part of the statements contained in the written summation by the attorney for the children and found that the mother lost her housing for the third time in less than a two-year period due to her failure to pay rent notwithstanding her financial capability to make such rental payments.* Accordingly, in awarding custody to the father, Family Court reasoned that the mother was not able to maintain housing for the children, that she failed to pay her rent despite having the means to do so and that she used illegal drugs prior to the commencement of this proceeding.
At the hearing, the mother was never questioned about her purported inability to maintain consistent housing nor was she asked why she could not pay rent. Family Court nonetheless made factual determinations on these issues even though the source of these findings originated from the reports of DSS, which the mother objected to and were not admitted into *1425 evidence. In other words, the reports did not corroborate or substantiate any fact that was already revealed at the hearing (compare Matter of Thomas v Osborne, 51 AD3d 1064, 1069 [2008]). Under these circumstances, we find that Family Court’s reliance on these reports and use of the hearsay statements therein as support for its findings was reversible error and, therefore, the matter must be remitted to Family Court for a new hearing to determine the best interests of the children (see Matter of Bercaw v Hood, 248 AD2d at 882).
Peters, P.J., Lynch, Devine and Clark, JJ., concur.
Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court’s decision.

 We note that it was inappropriate for Family Court to adopt and incorporate portions of the attorney for the children’s written closing statement as factual findings inasmuch as such statement reflects not the record evidence, but the position of the attorney for the children (see Matter of Devin XX., 20 AD3d 639, 641 [2005]).